Delbert L. HARDIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 43139.

Court of Criminal Appeals of Texas.

Oct. 28, 1970.

Brown & Hamby by G. Ben Bancroft, Big Spring, for appellant.

Wayne Burns, Dist. Atty., Big Spring, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, 12 years' confinement in the Texas Department of Corrections.

In his first ground of error appellant contends the court erred, despite timely objection, "in failing to instruct on the

lesser included offense of misdemeanor theft."

Article 37.08, V.A.C.C.P., does provide:

"In a prosecution for an offense including lower offenses, the jury may find the defendant not guilty of the higher offense, but guilty of any lower offense included." See also Article 4.06, V.A.C.C.P.

Article 37.09, V.A.C.C.P., provides in part:

"The following offenses include different degrees:

"1. * * *

"4. Burglary, which includes every species of house breaking and theft or other felony *when charged in the indictment in connection with the burglary;*

"5. * * *." (emphasis supplied)

■ The offense of theft was not charged in the indictment in the case at bar. Where theft is not charged in the burglary indictment, it is not a lesser included offense thereof.

In Huntsman v. State, 12 Tex.App. 619, the rule was stated "that to allow the indictment for a greater to sustain a conviction for the lesser offense, it must contain the statement of every inculpatory fact and circumstance material to the description of the latter, and the two must be alike as to all the essential elements of the lesser offense so that the allegations will include it without contradicting the material averments of the greater." Woodley, "Included Offenses," 20 Texas Bar J. 687. See also Tomlin v. State, 155 Tex.Cr.R. 207, 233 S.W.2d 303; Bell v. State, 158 Tex.Cr.R. 393, 256 S.W.2d 108; Cortez v. State, 158 Tex.Cr.R. 446, 256 S.W.2d 855.

It is observed that Article 1389, V.A.P.C., provides:

"The offense of burglary is constituted by entering a house by force, threats or fraud, at night, or in like manner by entering a house at any time, either day or night, and remaining concealed therein, *with the intent* in either case of committing a felony or the crime of theft." (emphasis supplied)

■ It is thus clear that the offense of burglary may be complete whether any theft ever occurs or not. Martin v. State, 148 Tex.Cr.R. 232, 186 S.W.2d 80.

"It is the intent, and not the character or value of the article stolen after the burglarious entry, which characterizes and makes the offense of burglary complete." 4 Branch's Ann.P.C., 2d ed., Sec. 2535, p. 863.

Further, Article 1399, V.A.P.C., provides:

"If a house be entered in such manner as to be burglary, and the one guilty of such burglary shall after such entry commit any other offense, he shall be punished for burglary and also for whatever other offense is so committed."

And, Article 1400, V.A.P.C., also provides:

"If the burglary was effected for the purpose of committing one felony, and the one guilty thereof shall while in the house commit another felony, he shall be punishable for any felony so committed as well as for the burglary."

Still further, the evidence did not show the value of the items taken in the burglary so as to reflect whether the theft committed after entry was a misdemeanor or a felony. See Articles 1421 and 1422, V.A.P.C.

■ The trial court did not err in failing to charge on misdemeanor theft.

Ground of error #1 is overruled.

■ Next, appellant contends the court erred in failing to instruct the jury on the voluntariness of his extrajudicial confes-

sion. When such issue was first raised the court conducted a Jackson v. Denno [1] hearing in the absence of the jury and thereafter made his findings of fact and conclusions of law. See Article 38.22, V.A. C.C.P. After the written confession was admitted into evidence before the jury the appellant, testifying in his own behalf, made a judicial confession relating that he had entered Bolinger's grocery store in the early morning hours of April 23, 1969, in the city of Big Spring while the place was closed for business and had taken therefrom several items including cold beer, some of which was still in his possession when he was apprehended by the police a short time later. The 35 year old appellant, who had been previously convicted of several felonies and had obtained his high school diploma, admitted he made a written statement to the police officers several hours after his arrest without any hesitancy or reluctance and that he did not have any objection to signing a statement to what he had done wrong. He testified, however, that the written confession was in error in stating that he had broken the glass out of the front door of the store and entered, contending that he found the glass in the door already broken and had crawled through the hole in the glass and did not cut himself on the jagged portions thereof.

Under the circumstances presented, we fail to perceive error. If the court did err in failing to so charge, it was in fact harmless error. See Article 36.19, V.A. C.C.P.

Ground of error #2 is overruled.

■ Appellant also claims the court erred in permitting the district attorney to elicit, over objection, from the white male appellant the "race of persons" with whom he was associating just prior to the alleged offense.

The appellant testified that earlier on the day in question he had gone to the home of Bertharine Aitman and later to the home of J. D. Moore where he did some drinking and where he obtained the pistol subsequently found in his possession from a Bill English. He testified that these individuals were Negroes. Only to the question concerning the race of Bertharine Aitman was there an objection and this objection was based on the lack of relevance.

We perceive no error calling for reversal.

■ Lastly, appellant complains of the admission into evidence at the penalty stage of the trial of authenticated records of the Texas Department of Corrections to prove the prior convictions alleged for enhancement.

In Vessels v. State, Tex.Cr.App., 432 S.W.2d 108, this court said:

"We have consistently held that a prior conviction alleged for enhancement may be established by certified copies of the judgment and sentence and records of the Texas Department of Corrections including fingerprints of the defendant, supported by expert testimony identifying them as identical with known prints of the defendant. See 1 Branch's Anno.P.C., Sec. 699, p. 684.

"Such procedure was authorized because it complied with the provisions of Article 3731a, supra. See Spencer v. State, 164 Tex.Cr.R. 464, 300 S.W.2d 950." See also Denham v. State, Tex. Cr.App., 428 S.W.2d 814.

Such method of proof was utilized in the case at bar. Further, while testifying the appellant admitted such prior convictions.

Ground of error #4 is overruled.

At the penalty stage of the proceedings the jury, having found the appellant guilty of the instant offense charged, also found that he was the same person thrice pre-

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

viously convicted of burglary as alleged in the indictment. Such verdict would appear to authorize the assessment of punishment at life imprisonment under the provisions of Article 63, V.A.P.C.

The punishment was, however, assessed by the court at 12 years.

■ The formal judgment contains the following statement:

"* * * (each of the findings by the jury of previous convictions were as to ones that can only be utilized to enhance the primary offense as a repeater and not as a habitual offender)."

The punishment was reflected in such judgment as being assessed at 12 years without reference to any of the prior convictions.

The sentence reflects a conviction for "burglary, a felony" without reference to any prior conviction though the punishment is shown as 12 years without application of the indeterminate sentence law which would indicate the utilization of one of the prior convictions for enhancement under the provisions of Article 62, V.A.P.C.

The statement contained in the formal judgment is clearly erroneous. The prior non-capital felony conviction must be for a like or similar offense to be used for enhancement under Article 62, V.A.P.C., but that does not prevent the use of such prior conviction under the provisions of Article 63, V.A.P.C. Some of the language in the court's charge serves to support the conclusion that there was a misunderstanding as to the law.

■ The judgment assessing the punishment at 12 years under the provisions of Article 62, V.A.P.C., can be affirmed.

"This Court has consistently held that to invoke the provisions of Art. 63, Vernon's Ann.P.C., it is necessary that each succeeding conviction be subsequent both in point of time of the commission of the offense and the conviction there-

for." Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697. See also Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383.

While the proof showed that all of the prior convictions were final prior to the commission of the instant offense, there was insufficient evidence to reflect that the first prior conviction alleged and relied upon occurred and judgment thereon became final prior to the commission of the offense resulting in the second prior conviction and so forth. See Wheat v. State, Tex.Cr.App., 442 S.W.2d 363; Jackson v. State, Tex.Cr.App., 449 S.W.2d 279.

Therefore, only one of the prior burglary convictions can be used for enhancement and the punishment was properly assessed at 12 years.

Finding no reversible error, the judgment is affirmed.

WOODLEY, P. J., and DOUGLAS, J., concur in the result.