Reginald E. FRANKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49254.

Court of Criminal Appeals of Texas.

Dec. 4, 1974.

Laird Palmer, on appeal only, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Charles Craig, Asst. Dist. Atty., Austin,

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

On September 24, 1973, appellant pleaded guilty before the court to the offense of burglary with intent to commit theft. Punishment was assessed at three (3) years, but the imposition of sentence was suspended and appellant was granted probation.

On January 10, 1974, the State filed a motion to revoke appellant's probation. Among the conditions [1] alleged to have been violated by appellant was the following:

"by committing the offense of Burglary in that on or about the 11th day of November, 1973, in the County of Travis, State of Texas, the defendant did then and there unlawfully by force, threats and fraud, break and enter a house then and there to fraudulently take therefrom corporeal personal property, to-wit: Stereo Tape Decks (2), therein being and belonging to Ruth Mae Daniel, from the possession of Ruth Mae Daniel without her consent and with the intent to deprive Ruth Mae Daniel, of the value thereof, and to appropriate the same to the use and benefit of him, the said Reginald E. Franks."

After a hearing on February 5, 1974, the court entered its order finding that appellant had committed the offense of burglary, such finding using the identical language set forth in the State's motion to revoke in describing the offense of burglary.

Appellant contends that the evidence is insufficient to show that he committed the offense of burglary. Appellant further urges that there is no evidence to support other findings by the court relative to his having violated the conditions of his probation.

At the hearing on the motion to revoke, the State introduced into evidence a statement taken from appellant on January 8, 1974. Omitting the warning and formal parts of the statement, it reads:

"Last November 16, 1973, I believe this was the day, I was watching 4811–A Prock Lane for my best friend, Betty Price who lives at 4811–B Prock Lane. I went into my friend's house at 4811–B Prock Lane and then went through the door leading into the other part of the house that belonged to Ruth McDaniel and took about six 8-track tapes. I didn't take the stereo player that she said was stolen but anybody can get in there to take these things."

Ruth McDaniel testified that she lived at 4811 Prock, Apartment A, on November 11, 1973, that she had a burglary on that date, and that she did not give anyone permission to take any items that were taken from her apartment. She stated that she had to leave the apartment for a few minutes and, seeing appellant "next door," she asked him to watch the house, and in response to her question, "Would he check in over to the house?" appellant answered, "Yeah, I'll be here."

Officer Evans of the Austin Police Department testified that appellant told him that there was another person with him at the time in question and that they "went through the metal door leading between the two duplexes." Evans further testified that appellant told him that he took the tapes but that he did not take the tape recorder.

At the close of the evidence, the trial court stated, "I believe that you committed the theft of the tapes as you said you did in your confession. . . ."

[1]. Condition (A) of appellant's probation provided that he "Commit no offense against the laws of this or any other State or of the United States."

In Hancock v. State, Tex.Cr.App., 491 S.W.2d 139, the State's motion to revoke alleged that probationer violated his probation by committing the offense of assault with intent to kill, and, at the conclusion of the hearing on the motion to revoke, the court announced that probationer violated the terms of his probation by committing the offense of aggravated assault, and called the attention of the prosecutor to the error in the finding of assault with intent to kill in the court's order and asked that it be corrected to conform with the court's "true finding." This Court noted that "such assault is included within the offense alleged in the motion," and reformed the order revoking probation to reflect that the trial court found that probationer committed the offense of aggravated assault.

■ Where theft is not charged in a burglary indictment, it is not a lesser included offense. Art. 37.09, Vernon's Ann. C.C.P.; Hardin v. State, Tex.Cr.App., 458 S.W.2d 822. In *Hardin,* where burglary with intent to commit theft was charged, it was noted that burglary may be complete whether any theft ever occurs or not. The motion to revoke in the instant case alleges that appellant did "enter a house then and there to fraudulently take corporeal personal property . . . ," but does not charge appellant with having committed the offense of theft. In Ford v. State, Tex.Cr.App., 488 S.W.2d 793, this Court held that motion to revoke probation alleging offense of theft would not support a finding by the trial court that probationer had violated his probation by committing the offense of conversion, and concluded that under such circumstances the trial court abused its discretion in revoking probation. We are unable to reform the court's order revoking probation as in *Hancock,* since theft was not charged in the State's motion to revoke and therefore is not a lesser included offense of burglary.

■ In the instant case, the findings of the trial court embodied in its order revoking probation recite that appellant committed the offense of burglary. While the opening of a closed door is sufficient to constitute force and breaking as used in the burglary statute,[2] the only testimony in the instant case relative to entry is that appellant went through the door. Further, the testimony of Ruth McDaniel fails to reflect that she did not give her consent to appellant to enter her house. See Wilson v. State, 168 Tex.Cr.R. 420, 328 S.W.2d 305. The evidence will not support the finding that appellant committed the offense of burglary. As in Ford v. State, supra, the court had made its finding and it was not necessary for the appellant to request additional findings to have the matters reviewed on appeal.

The State's motion to revoke alleged and the court's order revoking probation found that appellant violated the following conditions of probation:

"He [appellant] Failed to Report as directed by the Court, also, Failed to Pay His Court Cost and Supervision Fee as directed by the Court and his Probation Officer, subsequent to being placed on probation. Also, he Failed to Commit himself to the Job Corps in San Marcos, Texas."

The record reflects the following occurred during direct examination of Probation Officer Cox:

"Q. Of course, I don't guess he ever had a chance to report to the probation officer, being that this happened less than a month after he was placed on probation. Further, that he was to pay his fine and pay a supervisory fee. He knew all these things?

"A. Yes."

---

2. See Art. 1394, Vernon's Ann.P.C.; Lee v. State, Tex.Cr.App., 459 S.W.2d 851; V.T.C.A. Penal Code, Sec. 30.02 (effective January 1, 1974).

The record reflects that Cox testified on cross-examination as follows:

"My assistant saw him in the probation office. Reginald [appellant] reported twice to the office, and he was seen by my assistant."

■ The only reference to failure of appellant to pay court costs at the hearing came in the following statement made by appellant after the court found appellant had violated the conditions of his probation:

"Reason I didn't pay no court costs is because I didn't have no money."

The record is devoid of evidence regarding failure of appellant to commit himself to the Job Corps in San Marcos. The evidence does not support the court's findings that appellant violated the conditions of his probation by failing to report to his probation officer, failing to pay court costs and supervisory fees, and failing to commit himself to the Job Corps.

■■ As heretofore noted, the evidence will not support the court's finding that appellant committed the offense of burglary.[3] For the reasons discussed, this Court is unable to reform the order revoking probation to conform to the trial court's oral pronouncement from the bench about the theft violation.

We conclude that the trial court abused its discretion under the facts of this case in that it revoked appellant's probation on grounds not supported by the evidence.

The order of revocation is reversed and the cause is remanded.

Opinion approved by the Court.

---

3. It would have been proper, upon the proof showing an offense other than that alleged, for the trial court to permit amendment of the motion to revoke to conform with the proof. Upon objection or request by the defense at such time, the hearing should be recessed to allow time needed for preparation or investigation to meet the new pleadings. Thereafter the hearing would continue on the amended motion, and if the court then finds such offense to have been committed, probation could be revoked. See and cf. Spencer v. State, Tex.Cr.App., 503 S.W.2d 557; Cabrera v. State, Tex.Cr.App., 494 S.W.2d 177; Banks v. State, Tex.Cr.App., 491 S.W.2d 417.