Mary GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 58046–58048.

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 11, 1978.

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

Bobby R. Taylor, Austin, for appellant.

Ronald Earle, Dist. Atty. and Bill White, Asst. Dist. Atty., Austin, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On December 22, 1975 the appellant entered pleas of guilty before the court to three indictments, two charging burglary of a habitation and one charging unauthorized use of a vehicle. Punishment was assessed at ten (10) years' imprisonment on each case, but the imposition of the sentences was suspended and the appellant was placed on probation in each case. Among the conditions of probation were the requirements that appellant commit no offense against the laws of this state or any other state of the United States and that appellant avoid injurious or vicious habits, including the use of narcotic or habit-forming drugs and alcoholic beverages.

On May 11, 1976 the State filed motions to revoke probation alleging the appellant had committed the offense of burglary of a habitation with intent to commit theft on or about April 13, 1976, and further had violated her probation to avoid injurious or vicious habits in that her urine specimen submitted on March 17, 1976 was found to contain opiates.

On June 4, 1976 the court conducted a hearing on said motions, and at the conclusion of the same probation in each case was revoked, but the punishment was reduced in each case to five (5) years' imprisonment prior to sentencing. Notice of appeal was given.

While the trial court did not announce its findings orally, the written order revoking probation reflects that revocation was based on the commission of a burglary of a habitation with intent to commit theft and that appellant's urine specimen submitted on March 17, 1976 was found to contain opiates.

On appeal appellant complains the evidence was insufficient to sustain revocation on the basis of the alleged burglary because the State attempted to reduce the offense alleged to theft.

At the revocation hearing the prosecutor orally stated, "We will go on theft . . ." There was no amendment of the motion to revoke.[1] Thereafter, the court informed the appellant at the motion to revoke alleged burglary of a habitation with intent to commit theft included the charge of theft.

Then the record reflects the following: "THE COURT: The State announces that it elects to proceed not on the burglary alleged in the Motion to Revoke, but on the lesser included offense of theft in the Motion to Revoke. To that Charge in the Motion to Revoke do you plead true or not true?

"THE DEFENDANT: True."

The evidence then offered pertained to theft and no evidence was offered to show a burglary of a habitation.

Under the former Penal Code (1925) theft was not a lesser included offense of burglary with intent to commit theft. *Hardin v. State*, 458 S.W.2d 822 (Tex.Cr.App. 1970). As noted in *Hardin,* the offense of burglary with intent to commit theft may be complete whether any theft ever occurs or not. See also *Martin v. State,* 148 Tex. Cr.R. 232, 186 S.W.2d 80 (1945); Article 1389, V.A.P.C. (1925).[2]

In 4 Branch's Ann.P.C., 2d ed., § 2535, p. 863, it was written:

"It is the intent, and not the character or value of the article stolen after the burglarious entry, which characterizes and makes the offense of burglary complete."

In *Franks v. State,* 516 S.W.2d 185 (Tex. Cr.App.1974), the revocation motion alleged the commission of a burglary on or about November 11, 1973, prior to the effective day of the current Penal Code. After a hearing, the trial judge orally stated he was revoking probation on a finding of theft. In reversing that case on appeal, this court observed that theft was not a lesser included offense of burglary, and since theft was not alleged in the revocation motion, the revocation could not be sustained on that basis. The court noted that the written order of revocation reflected the revocation for the offense of burglary rather than theft, but the evidence was insufficient to show burglary, hence the reversal.

V.T.C.A., Penal Code, § 30.02 (Burglary), provides in part:

"(a) A person commits an offense if, without the effective consent of the owner, he:

night, or in like manner by entering a house at any time, either day or night, and remaining concealed therein, with the intent in either case of committing a felony or the crime of theft."

---

1. The prosecutor expressly stated to the court that the revocation motion had not been amended.

2. Said Article 1389, V.A.P.C., provided:
   "The offense of burglary is constituted by entering a house by force, threats or fraud, at

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or

"(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or

"(3) enters a building or habitation and commits or attempts to commit a felony or theft.

"(b) * * *"

The statute thus provides for (1) burglary with intent to commit felony or theft, (2) burglary by remaining concealed, and (3) burglary by committing or attempting to commit a felony or theft.

■ The third mode of burglary above could well include the commission of theft, but the revocation motion in the instant case alleged the first mode of burglary above. The elements of that mode of burglary are: (1) a person, (2) without the effective consent of the owner, (3) enters a habitation or building, not then open to the public, with intent to commit a felony or theft.

■ As under the former Code, it can be readily seen that the offense of burglary in the first mode may be complete whether any theft ever occurs or not. If the burglarious entry is made with the intent to commit a felony or theft, the offense is complete whether any felony or the crime of theft ever subsequently happens.

Article 37.09, V.A.C.C.P., as amended in 1973, provides:

"An offense is a lesser included offense if:

"(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

"(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

"(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

"(4) it consists of an attempt to commit the offense charged or an otherwise included offense."

■ It is clear from the above that theft is not a lesser included offense of burglary of the first mode. We so hold. Therefore, theft is not a lesser included offense of the burglary alleged in the revocation motion. Here, the State attempted to reduce the offense charged as a violation of probation to theft, apparently believing theft was a lesser included offense of burglary of a habitation with intent to commit theft. No effort was made to amend the motion to revoke to charge theft. The evidence offered showed theft but not burglary. Although the written order of revocation, as in *Franks*, reflects the court found that a burglary was committed by appellant, no evidence was offered which supports such finding.[3] Thus, appellant's revocation cannot be sustained upon a finding of theft because it was not charged in the motion to revoke probation.[4] Probation may not be revoked upon a finding of any violation of any probationary condition other than that alleged or necessarily included within the allegations of that alleged in the motion to revoke probation. *Pickett v. State*, 542 S.W.2d 868, 870 (Tex.Cr.App. 1976); *Chacon v. State*, 558 S.W.2d 874, 876 (Tex.Cr.App.1977).[5] Further, the revoca-

3. It is observed that *Franks* and the instant case are from the same county, the same court.

4. This is so despite the appellant's plea of "true" because the plea was to an offense not alleged.

5. Trial judges confronted with proof at a revocation hearing of violations of other probationary conditions than those alleged in the revocation motion should permit the State the opportunity to amend its revocation motion to include such violations and give the probationer time to respond to the same if desired, if these other violations are to be used as the basis of revocation. Far too often trial judges rely on proof of one violation and no effort is made to base the revocation on all violations of probation so that if one falls there are other grounds in which to sustain the revocation.

tion cannot be sustained on a finding of the commission of a burglary because the evidence does not support the same.

We now turn to the question of whether the revocation can be sustained on the second ground alleged in the revocation motion that appellant had not avoided injurious and vicious habits because her urine specimen submitted on March 17, 1976 was found to contain opiates.[6]

The record does not reflect that the court obtained appellant's plea to the portion of the revocation motion alleging injurious and vicious habits. Further, no evidence was offered to show that appellant had ever submitted any urine test nor the results thereof. Thus, there was no evidence to support the trial court's findings to this effect. If it had been proved, it should be remembered that proof of a single instance of the use of a drug cannot be characterized as a habit under the decisions of this court. *Chacon v. State,* supra; *Morales v. State,* 538 S.W.2d 629 (Tex.Cr.App.1976); *Marshall v. State,* 466 S.W.2d 582 (Tex.Cr. App.1971); *Campbell v. State,* 456 S.W.2d 918 (Tex.Cr.App.1970).

The State calls attention to an instrument entitled, "Defendant's Plea of True, Waiver, Stipulation and Judicial Confession," which is a printed form and contains the following language:

"I do further admit and judicially confess that I knowingly, intentionally and unlawfully committed the acts alleged in the Motion to Revoke Probation in this cause at the time and place and the manner alleged, and that I in fact plead true to the act or acts alleged in the Motion to Revoke Probation, and that I enter my plea of true to said act or acts, and that my plea of true is voluntary and is not influenced by any consideration of fear or any persuasion or any delusive hope of pardon."

The instrument was sworn to by the appellant, but it was not introduced at the revocation hearing and therefore does not constitute a judicial confession or a stipulation.

The judgment is reversed and the motion to revoke dismissed.

---

**6.** The revocation motion did not allege that appellant had used narcotics or habit-forming drugs as included in the same probationary condition.