NO. 07-00-0078-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 18, 2000

______________________________

JAMES B. HAMPTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 92-415,623; HONORABLE CECIL G. PURYEAR, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Pursuant to a guilty plea for sexual assault, appellant James B. Hampton was sentenced to ten years confinement.  The sentence was suspended and appellant was placed under community supervision.  After finding appellant had violated the conditions of community supervision, the trial court ordered revocation.  Appellant now appeals the revocation claiming there was insufficient evidence to revoke his community supervision.  For the reasons herein stated, we affirm the judgment of the trial court.

In 1992, appellant was indicted for aggravated sexual assault and, pursuant to a plea agreement, in 1993 pled guilty to the felony offense of sexual assault.  Appellant received a ten-year state jail sentence that was probated while he was under community supervision.  While under community supervision, appellant 1) admitted to his probation officer that he was using marihuana, 2) tested positive for marihuana, and 3) violated a modified condition of his probation by viewing child pornography.  After a hearing, the trial court granted the State’s motion to revoke and imposed the original sentence of ten years confinement.

In considering this appeal, it is necessary to restate the well-established standards by which we review appeals from community supervision revocations.  Because a community supervision revocation proceeding is neither a criminal nor a civil trial, but rather, is an administrative hearing, Cobb v. State, 851 S.W.2d 871, 873 (Tex.Cr.App. 1993), procedural and evidentiary requirements are not enforced as strictly as they would be in a criminal trial.  Bradley v. State, 564 S.W.2d 727, 729 (Tex.Cr.App. 1978).  The relationship between the probationer and the court is contractual in nature, and the determinative question in a revocation proceeding is whether the probationer has violated his contract with the court.  Davenport v. State, 574 S.W.2d 73, 74 (Tex.Cr.App. 1979).  

The State's burden of proof in a revocation proceeding is by a preponderance of the evidence; Cobb v. State, 851 S.W.2d at 873; Scamardo v. State, 517 S.W.2d 293, 298 (Tex.Cr.App. 1975), and the appellate court views the evidence presented in a revocation proceeding in the light most favorable to the trial court's ruling.  Garrett v. State, 619 S.W.2d 172, 174 (Tex.Cr.App. 1981).  Appellate review of an order revoking community supervision is limited to determining whether a trial court abused its discretion.  Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984).  An abuse of discretion occurs only when the trial judge's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree.  Cantu v. State, 842 S.W.2d 667, 682 (Tex.Cr.App. 1992).  When there is sufficient evidence to support a finding that the probationer has violated a condition of community supervision, the trial court does not abuse its discretion in revoking community supervision.  
Cardona
, 665 S.W.2d at 493.  Moreover, proof of any alleged violation of a condition of community supervision is sufficient to support revocation of community supervision.  Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979). 

Appellant presents three issues contending that (1) the State failed to prove appellant’s use of marihuana, (2) a modified condition of community supervision was too vague, and (3) the State failed to establish a violation of this modified condition which forbid appellant from viewing pornographic material.  

One of the conditions of appellant’s community supervision was that he “avoid injurious or vicious habits.”  By his first issue, appellant contends that the evidence of his marihuana use is insufficient to constitute an “injurious or vicious habit.”  
A habit is a disposition or condition of the body or mind acquired by custom or a usual repetition of the same act or function.  It is a tendency for customary conduct acquired from frequent repetition of the same acts.  Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App. 1970), 
citing
, Black's Law Dictionary (4th ed.).  Evidence of a single act cannot constitute a habit.   Garcia v. State, 571 S.W.2d 896, 900 (Tex.Cr.App. 1971)
.  However, appellant admitted to his probation officer
 that he had been using marihuana on several occasions and tested positive for marihuana on June 21, 1999.  
Appellant’s admission to his probation officer
 of violating a condition of his community supervision is, by itself, sufficient to support the revocation of community supervision.  
See
 Cunningham v. State, 488 S.W.2d 117, 119-21 (Tex.Cr.App. 1972).
  Therefore, there was sufficient evidence showing appellant engaged in an “injurious and vicious habit.”  The trial court did not abuse its discretion in revoking appellant’s community supervision and his first issue is overruled.

Since the State need only prove one violation of a condition of community supervision in order to revoke, appellant’s two remaining issues are moot. 
See
 Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App.
 [Panel Op.] 1980
). 
 
    

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.