11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Richard Styles, Jr.

Appellant

Vs.                   No.
11-02-00076-CR B Appeal from Stonewall County

State of Texas

Appellee

 

Richard
Styles, Jr. appeals from the judgment revoking his community supervision.  Appellant originally pleaded guilty to the
offense of forgery, a state jail felony. 
The trial court assessed appellant=s punishment at confinement in a state jail facility for two years, but
the court suspended the imposition of the confinement and placed appellant on
community supervision for five years. 
The State subsequently filed a motion to revoke appellant=s community supervision.  After a hearing, the trial court revoked
appellant=s community supervision and assessed
punishment at confinement for two years in a state jail facility.  We affirm.

The trial
court found that appellant violated the following conditions of community
supervision:

1.  Defendant violated Condition No. 3 in that
the Defendant failed to avoid injurious or vicious habits in that on or about
October 11, 2001, Defendant used cocaine;

 

2.  Defendant violated condition No. 10 in that
he failed to remain in Stonewall County, Texas, or any transferred County or
jurisdiction and under no circumstances leave said county and state except with
the written consent of the Court or the Community Supervision and Corrections
Department in that on or about October 9, 2001, Defendant traveled outside of
Stonewall County without permission of the Court or the Community Supervision
Officer.

 








We agree
with appellant that the State failed to prove by a preponderance of the
evidence that appellant violated Condition No. 3.  Dr. John L. Laseter, a toxicologist, examined appellant=s urine and determined from the urine taken
on October 11, 2001, that appellant had ingested cocaine within 48 hours prior
to October 11.  The court in Garcia v.
State, 571 S.W.2d 896, 900 (Tex.Cr.App.1978), acknowledged the established rule
that a single instance of the use of a drug cannot be characterized as a Ahabit.@

We note
that the State did not allege that appellant violated Condition No. 12 which
provides:

12.  Defendant may not possess, use, sell, or
have under his control, any narcotic drugs, controlled substances, deadly
weapons, or any type of firearms.

 

The court in Myers v. State, 780 S.W.2d 441, 446 (Tex.App. - Texarkana
1989, pet=n ref=d), when confronted with a similar situation, stated:

The State
did not allege that Myers violated the terms of his probation by violating the
law by having possession of illegal drugs. 
Probation may not be revoked on a finding of violation of any
probationary condition other than that alleged or necessarily included within
the allegations in the motion to revoke probation.  Garcia v. State, 571 S.W.2d 896 (Tex.Crim.App.  [Panel Op.] 1978).  The State instead undertook the difficult burden of proving that
Myers did not avoid injurious and vicious habits.  A habit is a disposition or condition of the body or mind
acquired by custom or a usual repetition of the same act or function.  It is a tendency for customary conduct
acquired from frequent repetition of the same acts.  Campbell v. State, 456 S.W.2d 918 (Tex.Crim.App.1970), citing,
Black's Law Dictionary (4th ed.). 
Evidence of a single act cannot constitute a habit.  Garcia v. State, 571 S.W.2d 896;  Morales v. State, 538 S.W.2d 629
(Tex.Crim.App.1976);  Marshall v. State,
466 S.W.2d 582 (Tex.Crim.App.1971).

 

While the
State failed to prove a violation of Condition No. 3, it is well established
that one sufficient ground for revocation will support the trial court=s order revoking probation.  Jones v. State, 571 S.W.2d 191
(Tex.Cr.App.1978).  The State did
properly prove that appellant violated Condition No. 10.








Appellant
admitted that he left Stonewall County and went to Fort Worth on October 9,
2001, without securing the consent of the court or appellant=s community supervision officer.  Appellant testified that he left Stonewall
County in the evening after the probation office had closed.  Appellant testified that he had received
word that Athey@ were using his mother=s house as a dope house and that he went to Fort Worth to Aboard it up.@  He was attempting to save his
mother=s Astuff.@ 
Appellant testified that, while he was cleaning the house, he brushed a towel
and that a Aneedle@ stuck in his hand.  This was
appellant=s explanation as to why his urine specimen
showed that he had recently used cocaine. 
The trial court, as the finder of fact, was not required to believe
appellant=s explanation as to why he went to Fort Worth
without getting consent.  The State
recalled Dr. Laseter who refuted appellant=s theory that appellant got the cocaine from an accidental needle
sticking.  Dr. Laseter stated:  

If it goes
intermuscular or just into the tissues, the amount you would get would be
minuscule and that=s why
we have these cutoffs, so that we are not looking at some accidental situation,
but we are looking at a true exposure in amounts that would indicate addiction
to that particular drug.                                      

 

We hold
that the trial court did not abuse its discretion in finding that appellant
violated Condition No. 10 and in ordering his community supervision
revoked.  We overrule appellant=s contention that his constitutional rights
under TEX. CONST. art. I, '' 3 & 15, and his rights under U.S. CONST. amends. V & XIV were
violated. 

The
judgment of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

January 23, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.