

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

| | | | |
|---|---|---|---|
| MILTON TORRES, | | § | No. 08-22-00004-CR |
| | Appellant, | § | Appeal from the |
| v. | | § | 13th Judicial District Court |
| THE STATE OF TEXAS, | | § | of Navarro County, Texas |
| | Appellee. | § | (TC# D40902-CR) |

## **O P I N I O N**

A jury convicted Appellant Milton Torres of: (1) two counts of aggravated sexual assault of an elderly person; (2) one count of burglary of a habitation with the commission or attempted commission of injury to an elderly person; and (3) one count of injury to an elderly person, by intentionally or knowingly causing her bodily injury, all of which arose from a single prolonged home invasion. On appeal, Appellant argues that his two convictions for aggravated sexual assault, as well as his convictions for burglary of a habitation and injury to an elderly person, violated the Double Jeopardy Clause's prohibition against imposing multiple punishments for the same offense. For the following reasons, we reverse one of Appellant's convictions for aggravated sexual assault, and reverse his conviction for injury to an elderly person. We affirm

his remaining convictions.[1]

# I. BACKGROUND

In separate counts in the indictment, the State alleged that on or about June 14, 2015, Appellant committed the following offenses against Sylvia Singleton, an elderly person:

Count I:     aggravated sexual assault of an elderly person by penetration of Sylvia's sexual organ by Appellant's sexual organ;

Count II:    aggravated sexual assault of an elderly person by penetration of Sylvia's mouth by Appellant's sexual organ;

Count III:   aggravated sexual assault of an elderly person by contact of Sylvia's sexual organ by Appellant's sexual organ;

Count IV:   Paragraph One: burglary of a habitation with the commission or attempted commission a felony, namely injury to an elderly person,

Count IV:   Paragraph Two: burglary of a habitation with the commission or attempted commission of a felony, namely sexual assault;

Count V:    injury to an elderly person.

The indictment also contained an enhancement paragraph that alleged Appellant had a prior final conviction for the felony offense of domestic violence by strangulation.

The evidence at trial showed that shortly after midnight on the date of the crime that a person called 911 to report an attempted sexual assault of a woman (not Sylvia) in a mobile home park in Rice, Texas. Several hours later, and after law enforcement had already been sent to the scene to investigate that offense, the 911 dispatcher received another call from Sylvia's friend, who reported that Sylvia had been sexually assaulted in her trailer in the same mobile home park. The 911 dispatcher called Sylvia who answered the phone in a "very distraught" tone. Sylvia reported that a man, later identified as Appellant, came into her residence, who physically and

---

[1] This case was transferred from our sister court in Waco, and we decide it in accordance with the precedent of that court to the extent required by TEX.R.APP.P. 41.3.

2

sexually assaulted her over the course of several hours.

Sylvia was transported to the hospital where a nurse observed bruises to her face, knees, back, wrists, and thighs; all caused by Appellant's fists. The State also presented testimony from a sexual assault nurse examiner who conducted a sexual assault examination of Sylvia and discovered that she had injuries to her vagina that were consistent with nonconsensual sex. During the examination, Sylvia told nurse examiner that Appellant came into her trailer while she was asleep, told her that he had a gun and threatened to kill her, forced her to remove her clothing, penetrated her vagina with his penis, and continually threw her around inside the trailer. The assault continued until daylight, but Sylvia did not recall when Appellant left the trailer because she lost consciousness before he left.

In addition to the nurse testimony, the State also introduced Sylvia's medical records that established the presence of bruises on her body and a subarachnoid hemorrhage (i.e., a brain bleed), as well as photographs of Sylvia's injuries that were taken at the hospital. One law enforcement officer opined that Sylvia's bruises to her back were consistent with being thrown down. The State also admitted into evidence a law enforcement officer's interview with Sylvia, during which she described the nature of the sexual assault and the injury to her shoulder that Appellant caused by slamming her against a board in her trailer. Sylvia, who was 73 years old at the time of the offenses, passed away before the trial and did not testify.

Prior to submitting the case to the jury, the State abandoned Paragraph Two of Count IV of the indictment (burglary of a habitation with the commission or attempted commission of a felony, namely sexual assault). The jury acquitted Appellant of Count II (aggravated sexual assault of an elderly person by penetration of Sylvia's mouth by Appellant's sexual organ). The jury, however, convicted Appellant of Counts I (aggravated sexual assault of an elderly person by

3

*penetration* of Sylvia's sexual organ by Appellant's sexual organ), III (aggravated sexual assault of an elderly person by *contact* of Sylvia's sexual organ by Appellant's sexual organ), IV (burglary of a habitation with the commission or attempted commission a felony, namely injury to an elderly person), and V (injury to an elderly person). The jury assessed punishment of 40 years' imprisonment on Count I, 15 years' imprisonment on Count III, 15 years' imprisonment on Count IV, and 10 years' imprisonment on Count V. The trial court sentenced Appellant in accordance with the jury's verdicts, with each sentence running concurrently.

On appeal, Appellant challenges his convictions in two issues, arguing in Issue One that his punishments for both Counts I (aggravated sexual assault by penetration) and III (sexual assault by contact) constitute a violation of the Double Jeopardy Clause's prohibition against imposing multiple punishments for the same criminal act. In Issue Two, Appellant argues that his convictions for Counts IV (burglary of a habitation with intent to commit injury to an elderly person) and V (injury to an elderly person) also violate double jeopardy because injury to an elderly person is a lesser-included offense of burglary of a habitation with the commission or attempted commission of a felony.

The State does not contest either of Appellant's double jeopardy issues, but rather asserts that overturning Appellant's conviction for Count III and V "will not affect the State's legitimate interests" because Appellant's conviction for Count I, with the longer sentence, would be retained. Although the State in effect confesses error on these matters and such confession carries "great weight," we as a reviewing court also have a duty to conduct an independent examination of the merits of the claims of error. *See Saldano v. State*, 70 S.W.3d 873, 884 (Tex.Crim.App. 2002) ("When presented with confessions of error, we have agreed frequently that the able prosecutors have correctly concluded that error was presented. But we have always done so after an

4

independent examination of the merits of the claim of error."); *Gallegos v. State*, No. 08-14-00275-CR, 2015 WL 8334835, at *2 (Tex.App.--El Paso Dec. 9, 2015, no pet.) (not designated for publication) ("We are required to independently examine the error confessed because the proper administration of the criminal law cannot be left merely to the stipulation of parties."). As such, we will consider the merits of Appellant's claim.

Prior to addressing these contentions, we address the general principles associated with the Double Jeopardy Clause and whether Appellant has properly preserved his claims for our review.

## II. DISCUSSION

### A. General Double Jeopardy Principles

The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V. The Double Jeopardy Clause guards against three distinct scenarios: (1) prosecution for a second time for the same offense after an acquittal; (2) prosecution for a second time for the same offense after conviction; and (3) multiple punishments for the same offense. *Ramos v. State*, 636 S.W.3d 646, 651 (Tex.Crim.App. 2021); *Licano v. State*, No. 08-19-00230-CR, 2021 WL 508345, at *2 (Tex.App.--El Paso Feb. 11, 2021, no pet.) (not designated for publication). This case solely implicates the prohibition against multiple punishments. A multiple-punishments claim arises when either the same conduct is punished twice under the lesser-included offense context, or when the same criminal act is punished twice under distinct statutes when there was a clear legislative intent to only be punished once. *Langs v. State*, 183 S.W.3d 680, 685 (Tex.Crim.App. 2006).

To determine what constitutes the "same offense," we apply the two well-known *Blockburger* tests. *See Blockburger v. United States*, 284 U.S. 299, 301-02, 304 (1932). Under the first test, we determine whether each criminal act is a separate and distinct one, separated by

5

time; if the offense is a single continuous impulse, with a single act in which several different statutory provisions are necessarily violated, the offenses merge together under the "merger doctrine" or, in Texas, "the doctrine of subsumed acts." *Aekins v. State*, 447 S.W.3d 270, 274-75 (Tex.Crim.App. 2014), *citing Blockburger*, 284 U.S. at 301-02; *Patterson v. State*, 152 S.W.3d 88, 92 (Tex.Crim.App. 2004). Thus, if more than one statutory offense is necessarily committed by a single criminal act and impulse, then the offenses merge and the defendant may be subjected to only one punishment. *Id*. at 275.

Under the second *Blockburger* test, "To decide if conviction on multiple counts stemming from a single criminal act is constitutionally permitted, we compare the elements of the two offenses to determine if each requires proof of an element that the other does not. If so, the statutory offense is presumably not the same and both offenses generally may be prosecuted." *Id.* at 274. In Texas, courts employ the cognate-pleadings test, which provides that "'when the facts necessary to prove one offense are included within the proof necessary to establish another, the offenses are considered the 'same' for double-jeopardy purposes, and multiple punishments are barred unless the Legislature has clearly and specifically authorized them.'" *Id*. at 280, *quoting Garfias v. State*, 424 S.W.3d 54, 63 (Tex.Crim.App. 2014) (internal quotation marks omitted); *see also Licano*, 2021 WL 508345, at *2.

### B. Preservation

The record indicates, and Appellant concedes, that he did not raise either of his double-jeopardy claims in the trial court. Therefore, we must determine whether the double-jeopardy claims are reviewable. *See Mays v. State*, 285 S.W.3d 884, 889 (Tex.Crim.App. 2009) ("[I]t [is] incumbent upon [an appellate court] . . . to take up error preservation as a threshold issue.").

"[A] double-jeopardy claim may be raised for the first time on appeal or on collateral attack

6

if two conditions are met: (1) the undisputed facts show that the double-jeopardy violation is clearly apparent on the face of the record; and (2) when enforcement of the usual rules of procedural default serves no legitimate state interest." *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex.Crim.App. 2013); *see also Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex.Crim.App. 2000). Regarding the first prong, a double-jeopardy claim is apparent on the face of the record if its resolution does not require additional proceedings for the purpose of introducing more evidence to support it and the record contains all the information needed to address the merits of the double-jeopardy claim. *Ex parte Denton*, 399 S.W.3d at 544-45. "While the [S]tate may have an interest in maintaining the finality of a conviction, . . . [there is] no legitimate interest in maintaining a conviction when it is clear on the face of the record that the conviction was obtained in contravention of constitutional double-jeopardy protections. *Id*. at 545. "Society's interest, of course, is not simply to convict the guilty. Rather its interest is 'in fair trials designed to end in just judgments.'" *Id.*, *quoting Oregon v. Kennedy*, 456 U.S. 667, 682 n.7 (1982) (internal quotation marks omitted).

In this case, Counts I and III alleged two offenses for aggravated sexual assault of an elderly person. Count I alleged *penetration* of Sylvia's sexual organ by Appellant's sexual organ and Count III alleged *contact* of Sylvia's sexual organ by Appellant's sexual organ. The record does not indicate any instances of Appellant causing contact only, so we can fairly assume that the jury found that he committed contact when committing the act of penetration. Because his convictions for both counts subjects him to multiple punishments for the same offense, the record does not require further development for us to decide this issue and the double-jeopardy violation is apparent on the face of the record. *See Rogers v. State*, 527 S.W.3d 329, 336 (Tex.App.--Corpus Christi-Edinburg 2017), *rev'd on other grounds,* 550 S.W.3d 190 (Tex.Crim.App. 2018) (double-

7

jeopardy violation was clear from the face of the record when punishing the defendant for two counts alleging the same act subjected the defendant to multiple punishments for the same act).

As for Counts IV and V, the State alleged burglary of a habitation under section 30.02(a)(3) of the Penal Code, which, as we explain in greater detail below, renders the underlying felony a lesser-included offense. *See Langs*, 183 S.W.3d at 686. Regarding the second prong, the State concedes that its "legitimate interests" will not be affected by sustaining Appellant's double-jeopardy claims, and thus we consider the second prong satisfied as to both claims. For these reasons, we conclude that Appellant may raise his double-jeopardy claims for the first time on appeal.

### C.  Counts I and III

In Issue One, Appellant contends that his punishments for Counts I and III violated double jeopardy because the act alleged in Count III (causing Appellant's sexual organ to contact Sylvia's sexual organ) formed the basis of and merged into the act alleged in Count I (causing Appellant's sexual organ to penetrate Sylvia's sexual organ), thus constituting multiple punishments for what amounts to the same criminal act.

In support of his argument, Appellant cites *Aekins v. State*, where the Texas Court of Criminal Appeals considered whether the defendant's convictions for two counts of sexual assault constituted multiple punishments. In that case, the defendant was convicted of one count alleging the penetration of the victim's sexual organ by the defendant's mouth and one count alleging contact of the victim's sexual organ by the defendant's mouth. *See Aekins*, 447 S.W.3d at 273. The court recognized that generally, "[a] person who commits more than one sexual act against the same person may be convicted and punished for each separate and discrete act, even if those acts were committed in close temporal proximity." *Id*. at 278. Nevertheless, "The key is that

8

one act ends before another begins . . . . This is true for acts violating not only different statutes, but different subsections of a single statute, and even different discretely prohibited acts within the same subsections." *Id.* (citations omitted). The court held that separate convictions for sexual assault based on the defendant's contact of the victim's sexual organ with his mouth and the penetration of the victim's sexual organ with his mouth, both of which arose out of "essentially a single continuous act" over a span of minutes, violated the protection against double jeopardy. *Id*. at 281, 283. In coming to its conclusion, the court relied on the "merger rule," which states: "Where two crimes are such that the one cannot be committed without necessarily committing the other, then they stand in the relationship of greater and lesser offenses, and the defendant cannot be punished for both." *Id*. at 280, *citing Ex parte Pruitt*, 233 S.W.3d 338, 348 (Tex.Crim.App. 2007); *see also Patterson*, 152 S.W.3d at 91-92 (holding that the legislature intended only one conviction for a completed sexual assault where the defendant exposes his penis incident to penile penetration).

The facts before us are akin to those in *Aekins*. Count I alleged aggravated sexual assault by penetration of Sylvia's sexual organ with Appellant's sexual organ. *See* TEX.PENAL CODE ANN. § 22.011(a)(1)(A) ("A person commits an offense if the person intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means, without that person's consent."). Count III alleged aggravated sexual assault by contacting Sylvia's sexual organ with Appellant's sexual organ. *See id.* § 22.011(a)(1)(C) ("A person commits an offense if the person intentionally or knowingly causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor."). Applying the cognate-pleadings test to this case, the facts necessary to prove the offense in Count III (contact) are necessarily included within the proof to establish the

offense in Count I (penetration). As such, these offenses are considered the same for double-jeopardy purposes. *See Aekins*, 447 S.W.3d at 281.

We must also consider the temporal relationship between the contact and penetration. *See id.* at 278; *see also Villareal v. State*, 551 S.W.3d 843, 847 (Tex.App.--San Antonio 2018, no pet.) (considering whether contact and penetration each occurred in the same incident or on separate occasions). Here, the evidence shows that Appellant committed the alleged offenses over a span of several hours by penetrating Sylvia's vagina with his penis on at least one occasion. Nothing in the record indicates that there was a significant temporal gap between Appellant contacting Sylvia's vagina and penetrating her vagina; rather, the evidence suggests a single prolonged encounter with at least one act of penetration that did not appear to be substantially disconnected from contact. Neither did Sylvia describe to law enforcement or medical personnel that Appellant caused contact, waited for a time, and subsequently caused contact and penetration.

Thus, the evidence before us demonstrates that the incident or incidents of contact and penetration were one continuous act and merge for double-jeopardy purposes. We agree that Appellant's multiple punishments for the same act violated the Double Jeopardy Clause. *See Aekins*, 447 S.W.3d at 283; *Gutierrez v. State*, No. 04-15-00603-CR, 2016 WL 3625566, at *1-2 (Tex.App.-- San Antonio July 6, 2016, no pet.) (mem. op., not designated for publication) (holding that a defendant's convictions for aggravated sexual assault by penetration and indecency with a child by contact that both arose out of the same act violated double jeopardy where there was "no evidence of any independent instance of contact" that would have solely supported the indecency charge).

Because Appellant received 40 years' imprisonment on Count I and 15 years' imprisonment on Count III, we retain Appellant's conviction under Count I and set aside his

10

conviction under Count III.  *See Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex.Crim.App. 2006) (when a defendant is convicted of two offenses that are the same for double jeopardy purposes, the conviction for which the greatest sentence was assessed is retained and the other conviction is set aside).

Appellant's Issue One is sustained.

### D.  Counts IV and V

In Issue Two, Appellant argues that his convictions for Counts IV (burglary of a habitation with the commission or attempted commission of injury to an elderly person) and V (injury to an elderly person) also constituted multiple punishments for the same criminal act and violated double jeopardy.  Rather than relying on the merger doctrine above, Appellant's argument is that injury to an elderly person is a lesser-included offense of burglary of a habitation with the commission or attempted commission of a felony, which also precludes multiple punishments for the same act. *See Licano*, 2021 WL 508345, at *2.

In support of his argument, Appellant directs our attention to *Langs v. State*, where the defendant was charged with burglary of a habitation.  183 S.W.3d at 686.  There, the Court of Criminal Appeals affirmed the rule "a defendant may not be punished for both the underlying felony and the burglary if the burglary allegation is that the defendant entered a home without the consent of the owner and then committed the underlying felony within the home as defined in [Section] 30.02(a)(3)."  *Id*.; *see also* TEX.PENAL CODE ANN. § 30.02(a)(3) ("A person commits an offense if, without the effective consent of the owner, the person enters a building or habitation and commits or attempts to commit a felony, theft, or an assault."); *Morgan v. Devine*, 237 U.S. 632, 638 (1915) ("An allegation simply of breaking, entering, and stealing states the burglary in a form which makes it single, and a conviction therefore will bar an indictment for the larceny or

the burglary alone."). This is distinct from burglary of a habitation charged under section 30.02(a)(1) of the Penal Code which criminalizes the unauthorized entry of a habitation with the *intent* to commit the underlying felony, which constitute two distinct offenses for double-jeopardy purposes. *Langs*, 183 S.W.3d at 686, *citing Jones v.* State, 514 S.W.2d 255, 256 (Tex.Crim.App. 1974); *Garcia v. State*, 571 S.W.2d 896, 899 (Tex.Crim.App. 1978); *see also* TEX.PENAL CODE ANN. § 30.02(a)(1) ("A person commits an offense if, without the effective consent of the owner, the person enters a habitation . . . not then open to the public, with intent to commit a felony, theft, or an assault.").

Here, the State alleged in paragraph one of Count IV that Appellant "intentionally or knowingly enter[ed] a habitation, without the consent of [Sylvia], the owner thereof, and attempted to commit or committed the felony offense of Injury to an Elderly or Disabled Individual." The State further alleged in Count V that Appellant "intentionally, knowingly and recklessly cause[d] bodily injury to [Sylvia], an individual who was then and there 65 years of age or older." As such, Count IV of the indictment alleges burglary of a habitation with the actual or attempted commission of a felony (injury to an elderly person), a charge that falls under section 30.02(a)(3). *See* TEX.PENAL CODE ANN. § 30.02(a)(3). Under *Langs* and *Blockburger*, the injury to an elderly person offense serves as a lesser-included offense to burglary of a habitation because although the latter offense requires proof of a fact that the injury to an elderly person charge does not (i.e., entry without consent), the State must prove all the elements of the injury to an elderly person charge in order to prove the burglary offense, and thus the injury to an elderly person charge would not require proof of an additional element that the burglary offense does not also require. *See Langs*, 183 S.W.3d at 686; *Matter of T.D.N.*, 620 S.W.3d 433, 441 (Tex.App.--El Paso 2020, no pet.) (recognizing double jeopardy's prohibition of convictions for both burglary of a habitation and the

12

underlying felony).

Because the injury to an elderly person offense in Count V served as the underlying felony for the burglary of a habitation offense charged under section 30.02(a)(3), we hold that Appellant's convictions for both offenses violated double jeopardy's prohibition against multiple punishments for the same criminal act. Given that Appellant received 15 years' imprisonment on Count IV and 10 years' imprisonment on Count V, we retain Appellant's conviction under Count IV and set aside his conviction under Count V. *See Ex parte Cavazos*, 203 S.W.3d at 337.

Appellant's Issue Two is sustained.

## III. CONCLUSION

We reverse Appellant's convictions under Count III (aggravated sexual assault of an elderly person by contact) and Count V (injury to an elderly person) and render judgments of acquittal for those convictions. We affirm the trial court's judgments supporting Appellant's convictions under Count I (aggravated sexual assault of an elderly person by penetration) and Count IV (burglary of a habitation with the commission of a felony).

JEFF ALLEY, Justice

July 27, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)