281 S.W.3d 43 (2005)
In the Matter of R.J.R., a Juvenile.
No. 08-03-00392-CV.
Court of Appeals of Texas, El Paso.
June 9, 2005.
*44 Roy Lynn Scott, Midland, for Appellant.
Cassandra Moholt Cheek, Midland County Courthouse, Midland, for State.
Before Panel No. 2 BARAJAS, C.J., McClURE, and CHEW, JJ.

*45 OPINION

DAVID WELLINGTON CHEW, Justice.
R.J.R., a juvenile, appeals from a disposition order committing him to the Texas Youth Commission. On appeal, he raises six issues: three challenge the trial court's denial of a motion to suppress, two legal sufficiency issues, and a double jeopardy claim. We affirm.
Midland Police Officer Gary Kennedy testified that on June 7, 2002, at approximately 4 a.m., while patrolling a high crime and drug area, he came in contact with the Appellant. He found the Appellant sitting in a 1987 Ford Tempo parked on Lee Street. He asked the Appellant for his name and date of birth. He then asked the Appellant to exit the vehicle because the Appellant was under age and in violation of the city's curfew law. He did a pat down to check for any weapons. He did not find any weapons, but he did notice a bulge in Appellant's pant pocket. Officer Kennedy then asked Appellant's permission to search inside his pockets, and Appellant consented. He testified that the bulge was soft and he could feel a substance inside the bag. Based on his experience, he believed it was contraband. He could also hear that it was a plastic bag. He then pulled out the bag and saw that it contained marijuana. Officer Kennedy then placed the Appellant under arrest.
On October 10, 2002, at approximately 6 a.m., Midland Police Officers Steven McNeill and Margarita Venegas were working undercover, patrolling in an unmarked white Chevrolet Astro van in an attempt to capture auto burglars. They received a call from dispatch that a male wearing dark clothing was prowling in the neighborhood of Crest and Ridgely. The individual was seen peering into the windows of parked cars, and it was reported that he could be armed. When Officers McNeill and Venegas received the call, two other marked vehicles had already been dispatched, but they went ahead and responded to the area as well.
Officer Venegas was driving the unmarked vehicle slowly through the neighborhood when they saw the Appellant wearing dark clothing riding a bicycle. Officer Venegas exited the vehicle and approached the Appellant; she identified herself as a police officer and asked him to stop. Appellant did not stop, but instead continued to pedal faster. Officer McNeill then testified that he stood in front of the bicycle, identified himself as a police officer, and asked Appellant to stop. Appellant did not stop, but rather veered to the left and evaded Officer McNeill. Officer McNeill then pulled the Appellant off his bicycle and the Appellant tried to pull away. Officer McNeill and Officer Venegas testified that they tried to pat down the Appellant, but that he was fighting them, attempting to escape. They finally wrestled him to the ground. Appellant's pockets were bulging with approximately twenty items: a two-way radio, two cell phones, a fart machine, marijuana, an empty plastic bag, a homemade marijuana pipe, a cigarette lighter, a Playboy magazine, and a CD. The officers were able to locate the owners of the cell phones. The owners reported that the cell phones had been stolen from their cars.
Once Appellant was arrested, Detective Richard Faulkenberry of the Midland Police Department interviewed him, and attempted to get a statement. He also ran Appellant's fingerprints to see if there was a match with any auto burglaries in the past recent months. He found three cases with a positive match, which included theft of two firearms.
*46 After further investigation, the Appellant was charged with: (1) theft of a firearm on or about September 19, 2002; (2) theft of a firearm on or about September 19, 2002; (3) burglary of a vehicle on or about September 19, 2002; (4) burglary of a vehicle on or about September 27, 2002; (5) burglary of a vehicle on or about October 4, 2002; (6) evading arrest or detention on or about October 10, 2002; (7) resisting arrest on or about October 10, 2002; (8) possession of a usable quantity of marijuana on or about October 10, 2002; (9) burglary of a vehicle on or about October 10, 2002; (10) burglary of a vehicle on or about October 10, 2002; and (11) possession of marijuana on or about June 7, 2003.
At the beginning of his jury trial, Appellant pled guilty to both vehicle burglaries occurring on or about October 10, 2002. Appellant's counsel then presented a motion to suppress evidence obtained on October 10, 2002. After hearing the testimony of Officer Steven McNeill, the trial overruled Appellant's motion. During the testimony of Officer Kennedy, Appellant's counsel also made an oral motion to suppress the evidence seized on June 7, 2002, which was also overruled by the trial court.
A jury heard the testimony of Appellant's arresting officers: Officer McNeill and Officer Venegas; of Detective Faulkenberry; of Officer Augusto Albo, who responded to a auto burglary on September 27, 2002; and of Officer Elias Hernandez, who responded to the auto burglary on October 4, 2002. There was also testimony from two victims of the auto burglaries. Identification Specialist, for the City of Midland, Karen Hare also testified as to the positive identification of Appellant's fingerprints in three of the cases. Crime Lab Investigator Bob Wheeler also testified that the amount of marijuana found in Appellant's pocket on both June 7 and October 10 was of a usable quantity.
The jury also heard the testimony of the Appellant. He testified that he had in fact broken into some vehicles in October of 2002. He testified that he would go from block to block checking for unlocked vehicles. He would only break into a vehicle if it was unlocked, moving on to the next car if it was locked. First, he would travel one side of the block, and then the other, and then finally move on to the next block, following the same procedure. He further testified that he did this three or four times a week. He would steal small items, such as CDs that would fit in his pant pockets, which he would later sell to his friends. He also testified that on June 7, he did in fact have a usable quantity of marijuana on his person, but that on October 10, the quantity was not a usable amount. He also provided testimony regarding the incident on October 10 and the other burglaries he was charged with.
At the conclusion of the trial, the jury found Appellant guilty on all counts, and assessed a punishment of confinement to the Texas Youth Commission for a period not to exceed the time when he turns twenty-one years of age. Appellant timely filed this appeal.
In Issues One, Two, and Six, Appellant challenges the denial of his motion to suppress.[1] Appellant's motion to suppress *47 was seeking to have the evidence seized on June 7, 2002 and on October 10, 2002 and all information obtained on that date to be suppressed on the grounds that the stop was done without a warrant and without probable cause. In evaluating Appellant's argument, we will apply criminal law. See In the Matter of R.S.C., 940 S.W.2d 750, 751-52 (Tex.App.-El Paso 1997, no writ), stating that delinquency proceedings are quasi-criminal in nature and that juveniles are entitled to many of the constitutional protections that are afforded to adult criminal defendants.
A defendant may waive a prior objection to evidence by offering the same evidence or evidence establishing the same facts as trial. In the Matter of R.S.C., 940 S.W.2d at 752, citing Narvaiz v. State, 840 S.W.2d 415, 430 (Tex.Crim.App.1992), cert. denied, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993); Maynard v. State, 685 S.W.2d 60, 65 (Tex.Crim.App.1985); Nicholas v. State, 502 S.W.2d 169, 174-75 (Tex. Crim.App.1973). Under the principle known as curative admissibility, the admission of improper evidence cannot be asserted as grounds for reversal on appeal where the defendant, on direct examination, gives testimony establishing the same facts as those to which an objection was raised. See Rodriguez v. State, 919 S.W.2d 136, 138 (Tex.App.-San Antonio 1995, no pet.), citing Thomas v. State, 572 S.W.2d 507, 513 (Tex.Crim.App.1976).
Appellant testified at trial regarding the information and evidence he attempted to suppress with his motion. Appellant testified that he was in fact in possession of the marijuana on the night of June 7, 2002 and October 10, 2002, and that he was in possession of the alleged stolen items on October 10, 2002. In providing such testimony, Appellant established facts consistent with those he tried to suppress. Thus, we hold that Appellant has waived such issues on appeal. See Rodriguez, 919 S.W.2d at 138. Appellants Issues One, Two, and Six are overruled.
In Issue Four, Appellant challenges the legal sufficiency of the evidence sustaining the finding that Appellant resisted arrest. In Issue Five, Appellant challenges the legal sufficiency of the evidence proving he evaded arrest.
We have traditionally applied the civil no evidence standard of review to legal sufficiency challenges of juvenile disposition orders. See In the Matter of A.S., 954 S.W.2d 855, 858 (Tex.App.-El Paso 1997, no pet.). In considering the legal sufficiency, we consider only the evidence and inference tending to support the finding under attack and set aside the judgment only if there is no evidence of probative force to support the findings. In the Matter of A.S., 954 S.W.2d at 861; In the Matter of T.K.E., 5 S.W.3d 782, 785 (Tex. App.-San Antonio 1999, no pet.).
At trial, Officer McNeill testified that on October 10, 2002, he was working the night shift, assigned to the patrol division. At approximately 6 a.m., he received a call indicating that a male subject wearing dark clothing was prowling around the residential neighborhood of Crest and Ridgely. The citizen that made the call alleged that the subject was looking through car windows and could be possible armed with a handgun. The caller did not indicated the subject's age or height. At the time Officer McNeill received the call, two other marked units had been dispatched to the area, but he and his partner were working undercover, so they decided to proceed to the area as well.
*48 Officer Venegas drove slowly around the area looking for an individual matching the description. Officer McNeill then observed a male subject wearing dark clothing-black baggy cargo pants, and a long hooded sweatshirt-riding a bicycle. Officer McNeill's partner, stopped the unmarked vehicle, exited the vehicle and approached the subject, identifying herself as a police officer and requesting that he stop. The subject did not stop, but rather looked at Officer McNeill's partner, his eyes got big, he said "Oh shit", and began to pedal faster on his bicycle.
Officer McNeill then approached the Appellant by getting in front of the bicycle; he identified himself as a Midland Police Officer and ordered Appellant to stop. Rather than stopping, Appellant veered to the left, evading him while still riding his bicycle, forcing Officer McNeill to pull him off the bicycle. Officer McNeill asked Appellant why he was trying to escape, but the Appellant continued to try to pull away. Officer McNeill held the Appellant by his arms, but Appellant continued to pull away, until Officer McNeill put him down on the ground.
Officer Venegas, Officer McNeill's partner on the night in question, testified that as she approached the Appellant, she identified herself as a police officer and ordered the Appellant several times to stop. She testified that she was wearing a raid jacket with writing on the back, which was legible in the dark.[2] She also had on a belt gear, her badge, a flashlight, and a radio. She testified that the Appellant did not stop when she asked him to, but continued riding his bicycle. She testified that when Officer McNeill approach the Appellant, he was fighting her, trying to get away. Appellant would not cooperate with the pat down, but rather kept fighting her by swinging his arms in an attempt to hit her, pulling away, using profanity, and not standing still, but rather pushing away from her and Officer McNeill.
Appellant also testified at the trial. Appellant testified that on the night in question, he saw a white van come up to a stop sign and that he stopped-for at least twenty seconds-to let it pass by, but the van did not move, so he took off on his bike. He did not recognize the van or know who was inside. Then as soon as he took off on his bike, a woman jumped out of the vehicle, but he did not hear her say anything or did not know what she said. Then he heard some noise, but he could not make out what Officer McNeill was saying. Officer McNeill then tackled him off his bike.
Appellant testified that he was thinking "What is going on, man? What is going on?" He testified that when Officer McNeill tackled him, he fell on his knees. He then stood up and asked what was going on, but Officer McNeill threw him on the ground. He testified that he thought he was getting jumped and that he was not swinging at the officers. He was trying to get away, but only because he thought he was getting jumped. He testified that it would have been different had they had on a uniform or a badge, but he testified that they looked like civilians, so he did not know who they were. He did not see any writing on the officer's jackets to indicate to him that they were police officers.
Viewing the evidence in the light most favorable to the trial court's finding, we concluded that the evidence was legally sufficient to support the trial court's finding that Appellant evaded and resisted arrest. See In the Matter of A.S., 954 S.W.2d at 861; In the Matter of T.K.E., 5 *49 S.W.3d at 785. Issues Four and Five are overruled.
In Issue Three, Appellant raises a double jeopardy complaint. Specifically, Appellant argues that theft is a lesser included offense of burglary with the intent to commit theft. The charge contained the following:
(1)
Theft of a Firearm
Our law provides that a person commits an offense if he unlawfully appropriates a firearm without the owner's consent with intent to deprive the owner of the firearm.
September 19, 2002
Now, bearing in mind the instructions and definitions contained herein, if you find from the evidence beyond a reasonable doubt that on or about the 19th day of September, 2002 in Midland County, Texas, the juvenile charged in this case did then and there unlawfully, intentionally and knowingly appropriate, by acquiring and exercising control over a firearm, a H & K rifle, without the effective consent of Bryan Vinson, the owner of said property, with the intent to deprive the owner of the said firearm, then you will find the juvenile charged in this case has engaged in delinquent conduct and so say by your verdict.
...
(2)
Theft of a Firearm
Our law provides that a person commits an offense if he unlawfully appropriates a firearm without the owner's consent with intent to deprive the owner of the firearm.
September 19, 2002
Now, bearing in mind the instructions and definitions contained herein, if you find from the evidence beyond a reasonable doubt that on or about the 19th day of September, 2002 in Midland County, Texas, the juvenile charged in this case did then and there unlawfully, intentionally and knowingly appropriate, by acquiring and exercising control over a firearm, a Browning shotgun, without the effective consent of Bryan Vinson, the owner of said property, with the intent to deprive the owner of the said firearm, then you will find the juvenile charged in this case has engage in delinquent conduct and so say by your verdict.
...
(3)
Burglary of a Vehicle
Our law provides that a person commits the offense of burglary of a vehicle if he, unlawfully, intentionally and knowingly, without the effective consent of the owner, enters a vehicle or any part thereof with intent to commit theft.
September 19, 2002
Now, bearing in mind the instructions and definitions previously set out and contained herein, if you find from the evidence beyond a reasonable doubt that on or about the 19th day of September, 2002 in Midland County, Texas, the juvenile charged in this case did then and there unlawfully, without the effective consent of the owners, Bryan Vinson, break into and enter a vehicle or any part of a vehicle with intent to commit theft, then you will find the juvenile charged in this case has engaged in delinquent conduct and so say by your verdict.
*50 Appellant argues that the two counts for theft of a firearm are lesser included offenses of the count for burglary with the intent to commit theft, and that since he was convicted of all three charges, he was subjected to double jeopardy.
Appellant does not indicated in his brief whether he is raising a federal or state double jeopardy claim, so we assume he is raising both federal and state double jeopardy claims. Both the United State and Texas Constitutions protect individuals from multiple punishments for the same offense. See Phillips v. State, 787 S.W.2d 391, 393 n. 2 (Tex.Crim.App.1990). Conceptually, the state and federal double jeopardy provisions are identical and the Texas Constitution does not afford any different or greater protections in this regard than does the Fifth Amendment. See Stephens v. State, 806 S.W.2d 812, 814 (Tex.Crim.App.1990); Ex parte Arenivas, 6 S.W.3d 631, 633 (Tex.App.-El Paso 1999, no pet.). Since Appellant does not argue that the Texas double jeopardy clause differs from the Fifth Amendment double jeopardy clause, we will review Appellants double jeopardy as only a federal claim. See Hutchins v. State, 992 S.W.2d 629, 630 (Tex.App.-Austin 1999, pet. ref'd, untimely filed).
The double jeopardy clause of the Fifth Amendment of the U.S. Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. CONST. amend. V. This provision applies to the states through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 787, 89 S.Ct. 2056, 2058, 23 L.Ed.2d 707 (1969); Cervantes v. State, 815 S.W.2d 569, 572 (Tex.Crim.App.1991), cert. denied, 502 U.S. 1110, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992). The double jeopardy clause guarantees against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. Illinois v. Vitale, 447 U.S. 410, 415, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980); Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); North Carolina v. Pearce, 395 U.S. 711, 718, 89 S.Ct. 2072, 2077, 23 L.Ed.2d 656 (1969); Iglehart v. State, 837 S.W.2d 122, 126-27 (Tex.Crim. App.1992).
Appellant failed to make a timely request, objection, or motion before the trial court on the issue of double jeopardy. See TEX.R.APP.P. 33.1. A double jeopardy claim is forfeited if it is raised for the first time on appeal unless the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests. Gonzalez v. State, 8 S.W.3d 640, 643 (Tex.Crim.App.2000). We must find that Appellant satisfied both prongs of the test to hold he can raise his complaint for the first time on appeal. Roy v. State, 76 S.W.3d 87, 93 (Tex.App.-Houston [14th Dist.] 2002, no pet.). Appellant argues that because his case involves a lesser included offense, and all three counts were before the trial court, and the charge is now before this Court, that the face of the record establishes double jeopardy. We disagree. We do not find an apparent double jeopardy violation on the face to this record.
The determination whether an offense is a lesser included offense under Article 37.09(1) of the Code of Criminal Procedures must be made on a case-by-case basis. Jacob v. State, 892 S.W.2d 905, 907 (Tex.Crim.App.1995). An offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. See TEX.CODE CRIM.PROC.ANN. art. 37.09(1)(Vernon 1981). *51 To prove the offense of theft, the State is required to show (1) a person, (2) unlawfully appropriate property, (3) with intent, (4) to deprive owner of said property. See Tex.Pen.Code Ann. § 31.03(a)(Vernon Supp.2004-05).
To prove the offense of burglary with the intent to commit theft, the State must show (1) a person, (2) without owner's consent, (3) broke into or entered a vehicle or any part of a vehicle, (4) with intent, (5) to commit a theft. See Tex.Pen. Code Ann. § 30.04(a)(Vernon 2003). The burglary with the intent to commit theft offense is complete if the burglarious entry is made with the intent to commit a theft. See Garcia v. State, 571 S.W.2d 896, 899 (Tex.Crim.App.1978). It is not necessary to prove that the crime of theft happened to obtain a conviction for burglary with the intent to commit theft, as Appellant was charged with in this case. See id. at 899. Theft is not a lesser included offense of burglary with the intent to commit theft. See id. For this reason, we find that there was no double jeopardy with regard to the theft and burglary offenses. We therefore hold that Appellant failed to preserve his double jeopardy claim and overrule Issue Three.
For the reasons stated above, we affirm the trial court's judgment.
NOTES
[1] Appellant's brief contains the following heading for Issue Six: "The evidence was legally insufficient to sustain a finding of that Appellant committed the offense of possession of marijuana on October 10, 2002." However, other than providing us with the standard for a legal sufficiency review, Appellant provides no analysis, beyond simply stating the standard of review. In the body of his argument, we understand him to be making a challenge to the denial of his motion to suppress and we will address Issue Six accordingly.
[2] Officer McNeill also testified that his partner was wearing a raid jacket with the words Midland Police Department written in big white letters on the back of the jacket.