Affirmed and Memorandum Opinion
filed April 28, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00870-CR



 

Ex Parte
Jennifer Elaine Sisk

 



On Appeal from
the 185th District Court

Harris County, Texas

Trial Court
Cause No. 1254747



 

MEMORANDUM OPINION 

Jennifer Elaine Sisk appeals from the trial court’s
denial of her application for writ of habeas corpus.  She has been indicted for
interference with child custody and asserts that this prosecution violates the
constitutional prohibition against double jeopardy.  We affirm.

Background

            In May 2002, the
309th District Court entered an order naming appellant joint managing
conservator of her minor child along with the child’s father, David Lee
Foster.  In this order, the court also granted appellant the right to establish
the primary residence of the child but restricted such residence to within
Harris County, Texas or other counties contiguous thereto.

            On November 12,
2009, appellant moved with her minor child to Arlington, Texas.  Subsequently, on
November 20, Foster filed a Motion for Enforcement by Contempt, alleging that
appellant had violated the 309th District Court’s 2002 order by (1) withdrawing
the child from school on August 24, 2009 without Foster’s agreement, and (2)
removing the child from Harris or contiguous counties on November 12, 2009 for
the purpose of changing the child’s primary residence.

            Also in November
2009, with appellant’s permission, Foster retrieved the child from Arlington
and took her back to Harris County, apparently for the Thanksgiving holiday.  At
some point in December 2009, appellant retrieved the child from Harris County. 
She and the child reportedly returned to Arlington for a time before moving to Orange
County, Florida.[1]

            A hearing was
scheduled on the motion for enforcement in the 309th District Court for
December 17, 2009, but appellant failed to appear for that hearing.  A hearing
was subsequently held on August 4, 2010, for which appellant returned to Harris
County with the child.  At the conclusion of this hearing, the court held
appellant in “criminal contempt” for two violations of its May 2002 order:  (1)
withdrawing the child from school on August 24, 2009 without Foster’s
agreement, and (2) removing the child from Harris or contiguous counties on November
12, 2009 for the purpose of changing the child’s primary residence.  As
punishment for each violation, the court ordered appellant confined in jail for
120 days (to be served concurrently) with credit for 30 days.  The court then
suspended the confinement provided appellant (1) comply with the court’s
orders, (2) pay costs of $440 in monthly installments, and (3) pay $2,500 in
attorney’s fees to Foster’s attorney, also in monthly installments.

On March 3, 2010, a criminal complaint was filed
against appellant for interference with child custody.  An indictment followed
on May 12, 2010, specifically alleging that appellant:

on or about December 17, 2009, did then and there unlawfully,
intentionally, and knowing [sic] take and retain [the child], hereafter
styled the Complainant, knowing that his [sic] taking and retention
violates the express terms of a judgment and order of a court disposing of the
Complainant’s custody by moving the Complainant out of Harris County, Texas or
any surrounding continuous [sic] county.  [Emphasis omitted.]

            In her
application for writ of habeas corpus, appellant contended that the State’s
prosecution of her for interference with child custody violated the constitutional
prohibition against double jeopardy because she had already been convicted of
and punished for removing the child from Harris County in violation of the
custody order.  At the conclusion of the hearing on appellant’s application,
the trial judge explained that because the prior contempt order specifically
referenced two allegations of contempt, occurring on August 24, 2009, and
November 12, 2009, and the indictment in the case before her alleged conduct
occurring on December 17, 2009, the indictment did not implicate double
jeopardy concerns.  On this basis, the trial court denied habeas corpus relief. 
Appellant raises the same basic arguments in this interlocutory appeal.

Governing Law

An applicant for writ of habeas corpus bears the
burden of proving his or her allegations by a preponderance of the evidence.  Ex
parte Legrande, 291 S.W.3d 31, 35 (Tex. App.—Houston [14th Dist.] 2009,
pet. ref’d).  We review a trial court’s denial of habeas corpus relief for an
abuse of discretion, and consider the facts in the light most favorable to the
court’s ruling.  Ex parte Wheeler, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). 
We afford almost total deference to the trial court’s determination of
historical facts if supported by the record, especially when those factual
findings rely upon an evaluation of credibility and demeanor.  Legrande,
291 S.W.3d at 35-36.  We apply the same deference in reviewing the trial court’s
application of law to fact questions, if resolution of those questions depends
upon an evaluation of credibility and demeanor.  Id. at 36.  However, if
the outcome of those ultimate questions turns upon the correct application of
legal standards, we review the court’s determination de novo.  Id.

The Fifth Amendment to
the United States Constitution guarantees that a person shall not “be subject
for the same offence to be twice put in jeopardy of life or limb.”  U.S. Const.
amend. V.  This “Double Jeopardy Clause” prohibits a second prosecution for the
same offense, after an acquittal or a conviction, as well as the imposition of multiple
punishments for the same offense.  Bigon v. State, 252 S.W.3d 360, 369
(Tex. Crim. App. 2008) (citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969)).[2]

Appellant’s Arguments

Appellant contends that the current prosecution against
her, based on the May 12, 2010 indictment, violates the Double Jeopardy Clause
because it seeks punishment for an offense that she has already been convicted
of and assessed punishment for, specifically in the 309th District Court’s contempt
order.  Appellant cites Ex parte Rhodes for the proposition that a
person who has been held in criminal contempt in a civil court cannot be
prosecuted based on the same conduct in a criminal court.  974 S.W.2d 735 (Tex.
Crim. App. 1998) (holding that the Double Jeopardy Clause barred prosecution of
parent for interference with child custody due to his previous criminal
contempt conviction which was based on same conduct of taking child to live in
another country without court approval).  She maintains that the facts of this
case present the same fact scenario as occurred in Rhodes.  She further
asserts that the prior contempt proceedings were not limited to conduct
occurring on August 24 and November 12, 2009, but also covered the alleged
conduct occurring on or around December 17, 2009, on which the indictment was
based.  We do not agree with either of appellant’s contentions:  that Rhodes
is necessarily controlling or that the alleged conduct occurring around December
17 was covered by the contempt proceedings.  We will discuss each point in
turn.

Applicability of Ex parte Rhodes

In Rhodes, a divorce decree ordered that the
child of the marriage must reside in Harris County and enjoined both parents
from changing the child’s county of residence without prior court approval.  Id.
at 736.  Without such approval, the father removed the child from Harris County
and took the child first to Malaysia and later to Singapore.  Id. at
735.  Shortly after their return to the United States, the father was arrested
and charged with interference with child custody; the mother then filed
contempt proceedings in civil court, the father was found in contempt and
punishment was assessed, and the father filed for a writ of habeas corpus in
the criminal action.  Id. at 735-36.  The primary issue addressed by the
Court in Rhodes was whether a contempt action initiated and litigated
solely by a private party could constitute a prior prosecution for double
jeopardy purposes.  Id. at 737.  Basing its decision on an analysis of
United States Supreme Court precedent, the Court held that a prior contempt
proceeding brought by a private party could constitute a prior prosecution for
double jeopardy purposes, and consequently, under the facts of that case, the
subsequent prosecution was barred.  Id. at 742.

Rhodes is factually distinguishable from the
current case, however, because Rhodes involved only a single act of changing
the child’s county of residence without prior approval; whereas, the indictment
here charges appellant with a separate act in violation of the custody order
than the ones at issue in the contempt proceeding.  As stated, the contempt
order specifically referenced two allegations of contempt, one occurring on
August 24, 2009 and another on November 12, 2009, while the indictment alleges
specific conduct occurring on December 17, 2009.  Although appellant attempts
to draw an analogy between the cases by pointing out that the defendant in Rhodes
moved the child to two places (Malaysia and Singapore), and appellant moved her
child to two places (Arlington and Florida), the fact that the child’s
residence may have changed again after she was removed from Harris County
played no role in the Court of Criminal Appeals’ analysis in Rhodes.  Id.
at 738-42.  Furthermore, appellant acknowledges that her child returned to
Harris County between the occurrence of the conduct addressed in the contempt order
and the conduct alleged in the indictment, but in Rhodes, there was no
indication that the child had been twice removed from the area of geographical
restriction.  Thus, Rhodes does not control resolution of this case.

Contempt Motion and Order

Appellant additionally argues that the contempt proceedings
covered the entirety of her conduct from the time she removed the child from
the Harris County area on November 12, 2009 until the time she returned the
child in August 2010.  She therefore maintains that she has already been prosecuted
for any conduct alleged to have occurred in December 2009.  She bases this
argument on language in Foster’s Motion for Enforcement by Contempt, wherein he
alleged that appellant “will continue to fail to comply with the order
[therefore] Movant requests that Respondent be held in contempt, jailed and
fined for each failure to comply with the order of the Court from the date of
this filing to the date of the hearing on this motion.”  Without more, this
vague, generic allegation that appellant would continue to violate the order in
unspecified future ways is not sufficient to demonstrate that appellant was
prosecuted in the contempt proceeding for specific conduct occurring around
December 17, 2009.  The record before us does not contain the reporter’s record
from the contempt proceedings, and the contempt order itself clearly listed two
dates on which specific conduct occurred as the basis for the punishment
assessed.  Thus, appellant has not demonstrated that the alleged conduct
occurring around December 17 was covered in the prior contempt proceedings.

Resolution

The State urges us to utilize the Blockburger
test for determining when a prosecution under one statute is barred on double
jeopardy principles due to a prior prosecution under a different statute.  Blockburger
v. United States, 284 U.S. 299, 304 (1932) (“[W]here the same act . . . constitutes
a violation of two . . . provisions, the test . . . is whether each provision
requires proof of a fact which the other does not.”).  However, we need not go
that far.  As the Court of Criminal Appeals has explained, the Blockburger
test does not apply when there are different offenses alleged to have occurred
on different days.  Ex parte Hawkins, 6 S.W.3d 554, 557 n.8 (Tex. Crim.
App. 1999).  And that is the case here.  The contempt proceedings involved
specific conduct occurring on August 24 and November 12, 2009; the indictment
alleges specific conduct occurring on or around December 17 (“did then . . . take
and retain”).[3] 
Thus, the prohibition against double jeopardy is not implicated.  The trial
court did not err in denying the application for writ of habeas corpus.

Additional Arguments go to Merits

Appellant’s arguments
further raise the question of whether her removal of the child from Harris
County in December 2009—after the child allegedly visited for the Thanksgiving
holiday—was in fact or law a violation of the geographical residential
limitation in the custody order.  Appellant suggests that removing the child
from the Harris County area a second time in December 2009 did not again
violate the residential restriction after the child’s residence already had
been moved beyond the geographical limitation in November 2009.  This argument,
however, goes to the merits of the State’s case against appellant, an issue
that is beyond the scope of this pretrial habeas corpus proceeding.  We take no
position on the legal or factual question of whether appellant’s conduct on or
around December 17, 2009 violated the custody order.  See Armstrong v. State,
805 S.W.2d 791, 794 (Tex. Crim. App. 1991) (“[T]he Court[s] of Appeals are
without authority to render advisory opinions.”).   

            We affirm the
trial court’s denial of appellant’s writ of habeas corpus.

 








                                                                                    

                                                            /s/                    Martha
Hill Jamison

                                                                                    Justice

 

 

 

Panel consists of Justices Brown, Boyce,
and Jamison.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
At a habeas corpus hearing, appellant testified that she retrieved the child from
Harris County around December 7 or 8, 2009, and then moved to Florida on
December 18.





[2]
Although appellant listed both the Fifth Amendment and article I, section 14 of
the Texas Constitution as bases for her double-jeopardy claims, she does not
allege that the state provision affords her any greater protection than does
the federal provision.  See In re R.J.R., 281 S.W.3d 43, 50 (Tex.
App.—El Paso 2005, no pet.) (reviewing double jeopardy claims only under Fifth
Amendment because appellant did not allege any difference between state and
federal constitutional provisions).





[3]
It is important to note that the State does not allege in its indictment that
appellant violated the custody order by continuing to maintain the child’s
residence outside of the proscribed geographical area on December 17; it
alleges she took or moved the child out of the area around that date in
violation of the custody order.  Put simply, the State alleges a distinct and
separate offense occurring on a later date.