**Ex parte Clyde Wade SEWELL.**

**No. 65797.**

Court of Criminal Appeals of Texas,
En Banc.

Oct. 29, 1980.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

DALLY, Judge.

The appellant seeks post–conviction relief under the provisions of Art. 11.07, V.A.C.C.P. from a conviction for the offense of theft.

The petitioner alleges that on the 21st day of June, 1955, in Cause No. 74,779 in Criminal District Court No. 2 of Harris County, he was convicted for the offense of theft on an indictment which did not charge the offense of theft. A copy of that indictment in this record properly alleges as the primary offense the offense of burglary; the allegations are insufficient to allege the offense of theft because they do not describe nor allege the value of the stolen property. To enhance the punishment an-

other paragraph in the indictment alleges a prior felony conviction for theft. On the outside filing panel of the indictment the offense is labeled "Felony Theft Second Offender." The judgment recites that the petitioner was "indicted for a felony theft second offender but on motion of the State the second offender count of the indictment abandoned and dismissed and the defendant was tried for felony theft." The judgment then states that the appellant was found guilty of the offense of theft and he was sentenced for that offense. The capias in the same cause number which is included in the record also states that the petitioner was charged with the offense of "theft second offender." This confusion is unexplained by the record.

The petitioner alleges in his pro se petition that theft is not a lesser included offense of burglary and that the allegations of the indictment do not support his conviction for the offense of theft.

The petition was filed in the convicting court and the district attorney acknowledged that he had received notice of the filing of the petition; if the petition was answered, the answer is not included in the record. The trial court entered an order stating that the petition had been considered and "the court finds that there are no controverted previously unresolved issues of fact material to the petitioner's confinement." The clerk was ordered to certify and send to the Texas Court of Criminal Appeals a copy of the indictment, judgment and sentence in the primary case, and a copy of the petition.

On the record before us we must sustain the petitioner's claim for relief. Where theft is not charged in a burglary indictment it is not the lesser included offense thereof. Hardin v. State, 458 S.W.2d 822 (Tex.Cr.App.1970); Franks v. State, 516 S.W.2d 185 (Tex.Cr.App.1974).

The petitioner alleges that ". . . said illegal conviction has caused and continues to cause adverse collateral legal consequences to petitioner in the form of parole consideration, prison and job classification, impeachment and enhancement purposes . . ." The

petitioner properly cites and relies upon *Ex parte Burt*, 499 S.W.2d 109 (Tex.Cr.App. 1973); *Ex parte Jentsch*, 510 S.W.2d 320 (Tex.Cr.App.1974); *Ex parte Langston*, 510 S.W.2d 603 (Tex.Cr.App.1974); *Ex parte Guzman*, 551 S.W.2d 387 (Tex.Cr.App.1977); *Ex parte Harp*, 561 S.W.2d 180 (Tex.Cr. App.1978).

Under the record before us the petitioner's conviction for theft on the indictment alleging the offense of burglary is void. The petitioner has served the sentence imposed on this conviction, but because of the serious collateral consequences, he is entitled to the relief he seeks. The conviction is set aside.

It is so ordered.