Donna STEWARD, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–91–00596–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 7, 1992.

R. Trent Gaither, Houston, for appellant.

Kelly McClendon, Angleton, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Donna Steward, was charged, in a two-count indictment with the offense of burglary of a habitation with the intent to commit theft and committed theft and felony theft of a truck valued at more than $750 and less than $20,000. Appellant pled "not guilty" to the allegations. With respect to the first count of the indictment, the jury acquitted appellant of the burglary charge and found her guilty of the offense of misdemeanor theft. The jury found appellant guilty of felony theft of a truck as alleged in the second count of the indictment. The trial court assessed appellant's punishment at 180 days confinement in the Brazoria County Jail on the misdemeanor theft offense and ten years of confinement in the Institutional Division of the Texas Department of Criminal Justice on the felony theft of the truck. We find that appellant's conviction for misdemeanor theft, in count one of the indictment, is void and order the trial court to delete this conviction from its judgment. We affirm the judgment as to count two of the indictment: to wit the felony theft of the truck.

Appellant brings three points of error on his appeal:

1) The trial court erred in submitting theft as a lesser included offense of burglary of a habitation. (Count One of the Indictment).

2) The evidence is insufficient to support a conviction under Count One of the Indictment.

3) The evidence is insufficient to support a conviction as to Count Two of the Indictment, theft of a truck.

The relevant facts are as follows: On October 20, 1988, Joe Cano returned to his home, located at 5204 Carmona in Pearland, Brazoria County, and discovered that the back door and back window of his house had been "completely busted." The home was destroyed; the beds, the drawers and even the refrigerator had been gone through and emptied. Stereo speakers, jewelry, televisions, and VCRs had been taken from the home. Cano estimated the value of the property taken from the house was $8,000.00. Cano's 1984 F–150 Ford pickup truck, valued at $10,000, was taken from his garage.

On October 20, 1988, appellant pawned a gold chain in Houston. According to Billy Shaw, owner of the pawn shop, he personally took the pawn and required presentation of a picture identification. He identified two documents as having originated from his business. From the documents, Shaw testified that on October 20, 1988, someone had come into his pawn shop and

pawned a gold chain and a pair of speakers. The individual who made the pawn used an Arkansas driver's license for identification, and the license number matched that of appellant. On November 18, 1988, Officer Caballero with the Pearland Police Department, retrieved the necklace from Mr. Shaw and placed it in the property room at the police station.

According to Mr. Cano, among the jewelry stolen from his house was a very thin 16–inch rope chain he had bought for his wife as an anniversary present. Officer Caballero contacted Mr. Cano to come to the police station to see if he could identify the recovered necklace. Mr. Cano identified the necklace as the one belonging to his wife. He was positive it was the necklace he had given to his wife. Mrs. Cano was "pretty much" sure it was her chain necklace. The estimated value of the necklace was $150–$200.

Andrew DeSham, a former law enforcement officer, was permitted to testify as an expert on handwriting comparisons. According to DeSham, the signatures of "Donna Steward" on State's Exhibit 1, the pawn ticket for the necklace, and on State's Exhibits 3 and 4, bail bonds for Donna Steward, were made by the same person.

On October 21, 1988, Michael Simpson, a deputy sheriff in Harris County, was dispatched to 456–A Adam in Kemah regarding a possible car-stripping in progress. Upon arrival, Deputy Simpson observed a 1984 F–150 Ford pickup whose registered owner was Joe Cano in Pearland, Texas. Parked immediately behind the Ford pickup was a blue Toyota bearing an Arkansas license plate. The driver of the Toyota was appellant. Also in the Toyota were Alice Donahoe and Leslie Pafford. In the backseat of the Toyota were two tires and a floor jack. The tires in the truck had come off the Ford pickup truck belonging to Mr. Cano. The Ford pickup had broken vent glass, the battery had been removed, and the steering column and ignition had both been broken. Appellant displayed Arkansas driver's license number 9032–5876. Simpson also testified that he spoke to the three and was advised by Mr. Pafford that

he'd been approached by Ms. Donahoe and requested to remove the tires from the truck. He also determined that Pafford worked at a tire shop at 6402 Mesa. On these observations, Simpson took appellant and Ms. Donahoe into custody.

■ In her first point of error, appellant asserts that the charge on the offense of misdemeanor theft was improper in this case because theft was not a lesser included offense of burglary of a habitation as alleged in count one of the indictment. We agree.

The burglary count of the indictment charged, in relevant part, that appellant:

... on or about the 20th day of October A.D. 1988, ... intentionally and knowingly enter a habitation, owned by Joe Cano, without the effective consent of said owner, and therein attempted to commit *and committed theft;*

And the Grand Jurors aforesaid, upon their oaths aforesaid, in said County and State, at said term, do further present in and to said County that Donna Steward hereinafter styled Defendant, on or about the 20th day of October, A.D. 1988, and before the presentment of this indictment, in said County and State, did then and there, intentionally and knowingly enter a habitation, owned by Joe Cano, without the effective consent of said owner, with intent to commit theft;

The trial court charged the jury, in relevant part, as follows:

Now if you find from the evidence beyond a reasonable doubt that in Brazoria County, Texas, on or about the 20th day of October, 1988, the defendant, Donna Steward, did then and there intentionally or knowingly enter a habitation owned by Joe Cano, without the effective consent of said owner, and therein attempted to commit or committed theft; or if you believe beyond a reasonable doubt that in Brazoria County, Texas, on or about the 20th day of October, 1988, the defendant, Donna Steward, did then and there intentionally or knowingly enter a habitation, owned by Joe Cano, without the effective consent of said owner, with intent to commit theft, then you will find

the defendant guilty of Burglary of a Habitation as alleged in Count One of the Indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of Burglary of a Habitation as alleged in Count One of the Indictment and next consider whether or not she is guilty of the offense of Theft Class "B" Misdemeanor.

Now if you find from the evidence beyond a reasonable doubt that in Brazoria County, Texas, on or about the 20th day of October, 1988, the defendant, Donna Steward, did then and there unlawfully, intentionally or knowingly appropriate by acquisition and by exercising control, property, other than real property, namely, one (1) gold chain or speakers, owned by Joe Cano hereinafter referred to as Complainant and with intent to deprive the Complainant of said property, said property having a value of more than Twenty and No/100 ($20.00) Dollars, then you will find the defendant guilty of Theft Class "B" Misdemeanor.

Appellant did not object to the inclusion of this charge on the lesser included offense of theft. Nonetheless, the charge submitted to the jury included a charge on a lesser offense of misdemeanor theft. Because the lesser was included without objection, the Court must apply the holdings of *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim.App.1984). If no proper objection was made at trial to error in the jury charge and accused must claim that error was "fundamental," he will obtain a reversal only if the error is so egregious and created such harm that he "has not had a fair and impartial trial," or, in short, there was "egregious harm." *Id.*

■ An offense is a lesser included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX.CODE ᴄRIM.PROC.ANN. art. 37.09(1) (Vernon 1982). It is well established that theft is not a lesser included offense of burglary where actual theft is

not charged. *Ex parte Sewell*, 606 S.W.2d 924, 924 (Tex.Crim.App.1980); *Garcia v. State*, 571 S.W.2d 896 (Tex.Crim.App.1978); *Houston v. State*, 556 S.W.2d 345 (Tex. Crim.App.1977); *Franks v. State*, 516 S.W.2d 185 (Tex.Crim.App.1974).

■ Where the indictment does not describe the property or allege its value, the offense of theft is not charged. *Ex parte Sewell*, 606 S.W.2d 924 (Tex.Crim.App. 1980). In *Sewell*, the Court held that the conviction was *void*, even in the face of a plea of guilty to the theft charge. *Sewell*, *supra*, at 925 (emphasis added). Consequently, the inclusion of an improper lesser included offense is fundamental error.

We find that appellant suffered "egregious harm," as contemplated by *Almanza*, because the jury was allowed to convict on an offense not charged in the indictment and because that conviction is void as a matter of law. Point of error one is sustained.

In point of error two appellant submits that the evidence is insufficient to support the misdemeanor theft conviction under count one of the indictment. Since this misdemeanor theft conviction is void, we need not address appellant's second point of error.

■ In his third point of error appellant asserts that the evidence is insufficient to support her conviction as to count two of the indictment, the theft of a truck. In assessing challenges to the sufficiency of the evidence, a reviewing court is charged with determining whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App.1989), overruled on other grounds, *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991) (reasonable hypothesis standard inapplicable for cases tried after November 6, 1991). This standard of review is applicable in both direct evidence and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d

154 (Tex.Crim.App.1991). Since this case was pending on direct appeal when the *Geesa* opinion was delivered, the outstanding-reasonable-hypothesis-of-innocence analytical construct is appropriately employed in this case. *Id.* at 165. This analytical tool requires a reviewing court to determine whether the evidence excludes every *reasonable* hypothesis other than an accused's guilt. *Speaker v. State*, 740 S.W.2d 486, 489 (Tex.App.—Houston [1st Dist.] 1987, no pet.). This analysis does not require exclusion, to a moral certainty, of every outstanding hypothesis. *Id.* at 489. An appellate court must consider all of the evidence presented, whether properly or improperly admitted. *Nickerson v. State*, 810 S.W.2d 398, 400 (Tex.Crim.App.1991); *Deason v. State*, 786 S.W.2d 711 (Tex.Crim.App.1990).

■ We find that the evidence is sufficient to sustain appellant's conviction for the theft of the pickup truck. One day after the theft, appellant, the driver of a vehicle parked directly behind the stolen truck, had in her car two tires taken off of the stolen pickup. The State was not required to prove that appellant participated in the "initial acquisition" of the pickup truck. *See, McClain v. State*, 687 S.W.2d 350, 352–353 (Tex.Crim.App.1985). No explanation for appellant's possession of the tires from the stolen pickup or for her presence in the immediate vicinity of the stolen pickup, was presented to the finder of fact. *Compare, Perkins v. State*, 630 S.W.2d 298 (Tex.App.—Houston [1st Dist.] 1981, pet. ref'd).

■ Also linking appellant to the theft of the pickup truck was evidence of her possession of the stolen gold chain. The pickup truck and the necklace were stolen at the same time from the same residence owned by Mr. Cano. From appellant's possession of part of the stolen property, theft of all of the stolen property may be inferred and the theft of the truck conviction sustained. *Hite v. State*, 650 S.W.2d 778, 781 (Tex.Crim.App.1983). Appellant's third point of error is overruled.

The trial court's judgment of conviction for misdemeanor theft, in count one of the indictment is void and we order the trial court to delete this conviction from its judgment. The judgment of the trial court as to count two of the indictment, theft of a truck, is affirmed.