TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00462-CR







Dwight Odell Shaw, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 931588, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of theft from a person. Act of May 27, 1985, 69th
Leg., R.S., ch. 599, § 1, 1985 Tex. Gen. Laws 2244, amended by Act of May 23, 1991, 72d
Leg., R.S., ch. 565, § 1, 1991 Tex. Gen. Laws 2003 (Tex. Penal Code Ann. § 31.03(a),
(e)(4)(B), since amended). The district court assessed punishment, enhanced by two previous
felony convictions, at imprisonment for twenty-five years. Appellant represents himself after
voluntarily waiving the assistance of counsel on appeal.

 On the night of December 23, 1992, Joann Torres was walking to a bus stop after
leaving work when appellant approached her from behind, knocked her to the ground, and seized
her purse. Torres attracted the attention of a passing police officer and pointed out appellant, who
was walking away. The officer stopped and ultimately arrested appellant. Torres's purse was
found near the spot where she saw appellant throw it.

 In his first point of error, appellant contends the evidence is legally insufficient to
sustain the conviction because the State did not prove the value of the stolen property. In a
prosecution for theft from a person, however, the value of the property is irrelevant. Sec.
31.03(e)(4)(B). The opinions on which appellant relies, Ex parte Sewell, 606 S.W.2d 924 (Tex.
Crim. App. 1980), and Steward v. State, 830 S.W.2d 771 (Tex. App.--Houston [14th Dist.] 1992,
no pet.), are not on point. The issue in those cases was whether the defendant was lawfully
convicted of theft as a lesser included offense of burglary.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The
evidence in this cause meets this standard. Point of error one is overruled.

 In his other point of error, appellant contends his attorney at trial was ineffective. 
To prevail on a claim of ineffective assistance of counsel at the guilt stage, an appellant must show
that counsel made such serious errors that he was not functioning effectively as counsel and that
these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App. 1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985);
O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). In reviewing a claim
of ineffective assistance, we must indulge a strong presumption that counsel's conduct fell within
the wide range of reasonable professional assistance. Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).

 Appellant urges that trial counsel was ineffective because he "placed appellant on
the stand to answer one irrelevant question, thus opening the door to appellant's prior
convictions." Counsel's direct examination of appellant, in its entirety, was as follows:


Q. Would you state your name for the record, please?


A. Dwight Odell Shaw.


Q. Mr. Shaw, could you -- did you take part in any way in the robbery of Ms.
Joann Torres [the complainant] on December 23rd of last year, sir?


A. No, I didn't.



During cross-examination, the State impeached appellant with proof of his previous burglary
convictions.

 Asking the accused if he is guilty of the offense for which he is on trial is not an
irrelevant question. (1) Moreover, there is no evidence that defense counsel in any way encouraged
a reluctant appellant to testify. To the contrary, appellant told the prosecutor during cross-examination that "I wanted the jury to hear my side, too." Counsel obviously anticipated
appellant's testimony during jury selection, inquiring of the panel members if they could maintain
the presumption of innocence knowing appellant has a record of convictions. A defendant cannot
blame his lawyer for doing what he asked him to do. McFarland v. State, 845 S.W.2d 824, 848
(Tex. Crim. App. 1992). 

 Next, appellant complains that his attorney did not interview and subpoena an alibi
witness, Lanona Simms. Appellant testified during cross-examination that he spent the evening
in question at a laundromat with Simms. According to appellant's testimony, he was walking
home alone when another man took the purse from Torres and ran past him. Simms was not an
alibi witness, since appellant did not claim to be with her when the purse-snatching took place. 
While Simms might have been able to confirm appellant's testimony that he was with her earlier
that evening, she would not have been able to corroborate appellant's testimony that another,
unidentified man stole Torres's purse. Moreover, there is nothing in the record to support
appellant's claim that his attorney failed to interview Simms.

 Appellant also contends he told counsel during voir dire that he was acquainted
with a member of the jury panel and knew that this panelist was biased against African-Americans, but counsel made no effort to exclude the venire member and she ultimately served
on the jury. Appellant points to no evidence in the record to support this assertion. 

 Finally, appellant complains that his attorney did not object to three instances of
improper jury argument by the prosecutor. Appellant contends the prosecutor improperly invoked
community expectations or desires when he argued:


I think it would be a terrible tragic mistake if you came back not guilty and let this
man out. The message you're going to give when he goes back to the jail is the
message -- and I've got to call her and tell her that you-all didn't believe she was
an innocent victim. She didn't have to come up here. She came up here and she
told you the truth. I'd ask you, please don't force me to have to call her and tell
her that you didn't believe her.



We do not find this to be a request for conviction based on community demand. Cf. Cortez v.
State, 683 S.W.2d 419, 420-21 (Tex. Crim. App. 1984).

 Appellant contends that the prosecutor referred to facts not in evidence when he
argued, "Judge Perkins gave this man every lawyer he wanted. He went through four or five of
them." This argument was in response to appellant's testimony that the trial court was part of a
conspiracy against him. Appellant urges that the prosecutor also referred to facts not in evidence
when he argued, "Her testimony was consistent in the pretrial and the trial. He had the transcript. 
Did he trip her up on anything?" The record reflects that appellant brought up Torres's testimony
at the pretrial hearing in response to questions asked him on cross-examination.

 Trial counsel's representation of appellant cannot be judged by isolated acts or
omissions, but must be considered as a whole. Counsel should be given credit for the jury verdict
convicting appellant of theft from a person, a third-degree felony, rather than robbery, a second-degree felony. Appellant has failed to demonstrate that counsel failed to render professionally
competent assistance. Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: June 7, 1995

Do Not Publish
1. The indictment contained three counts based on the same incident. Counts one and two
accused appellant of robbery, while count three alleged theft from a person.