Affirmed and Memorandum Opinion filed January 31, 2006









Affirmed
and Memorandum Opinion filed January 31, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00866-CR

____________

 

PEDRO
ROGELIO ALVAREZ, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_____________________________________________________

 

On Appeal from the 56th District Court

Galveston County, Texas

Trial Court Cause No. 04CR0085

_____________________________________________________

 

M 
E M O R A N D U M   O P I N I O N

Challenging his conviction for
burglary of a habitation, appellant asserts, in one issue, that the trial court
erred by not instructing the jury on the lesser-included offense of attempted
theft. Finding no merit in appellant=s
argument, we affirm. 

I.  Factual
and Procedural Background








On July 3, 2003, at approximately
9:00 p.m., Gloria and Daniel Cadriel were leaving their home when Gloria walked
into the garage and saw appellant pulling away a Astriping
machine.@  Gloria yelled at appellant and asked him what
he was doing.  Appellant ignored her and
continued to pull the machine away from the house.  However, appellant began to run when he heard
Daniel come out of the house and into the garage.  Daniel saw appellant pulling the machine and
told Gloria to go inside and call the police. 

While Gloria was summoning the
police, Daniel ran after appellant and caught him about a half a block down the
street.  According to Daniel=s trial
testimony, appellant threatened to cut him while holding a sharp object in his
hand.  At that point, the Cadriels= two sons
were running toward Daniel and appellant. 
Daniel told his sons to stay away because appellant was carrying a
knife.  Daniel backed up, walked away,
and told appellant, AWe can
walk as far as you want.  The police are
coming.@  Daniel=s
daughter then pulled up in the family Suburban, and Daniel told his sons to get
the tire tool from the vehicle.  

Shortly thereafter, Officer
William Goodwin, a detective with the Texas City Police Department, having
received Gloria=s call
for help, arrived on the scene.  Officer
Goodwin told Daniel and appellant to put their weapons down and took appellant
into custody.  Sergeant Brain Goetschius,
another detective with the Texas City Police Department, took a video statement
from appellant after his arrest. 
Appellant stated that he Alives on
the street@ and takes things to
survive.  He was near the Cadriel home
when he saw a machine close to the garage door and decided to steal it.  Daniel uses the Astriping
machine@ for his
work with the City of Texas City traffic department.  The machine was always kept in the corner of
the garage. 

Appellant stated that because the
machine had wheels on it, he was able to reach inside the garage and pull the
machine out.  He left the machine in the
yard after he realized he had been caught. 








Appellant was charged with
burglary of habitation by attempting to commit a theft or committing
theft.  The indictment also contained an
enhancement paragraph.  Appellant pleaded
not guilty and received a trial by jury. 
Appellant did not put on any evidence at trial. Before the case was
submitted to the jury, the State objected to the inclusion of the
lesser-included offense of criminal trespass and the trial court overruled the
objection.  Appellant requested and received
the lesser-included offense of criminal trespass and made no further objections
to the court=s charge.  At the conclusion of the trial, the jury
convicted appellant of the charged offense, and the trial court, finding the
enhancement paragraph Atrue,@ assessed
punishment at twelve years in the Institutional Division of the Texas
Department of Criminal Justice. 

II.  Analysis

Did the trial court err in
failing to instruct the jury on the lesser-included offense of attempted theft?

 

Appellant
contends the trial court erred by refusing to charge the jury on the
lesser-included offense of attempted theft. 
Appellant argues that although the trial court submitted criminal
trespass as a lesser-included offense at his request, this was not the
lesser-included offense that should have been included.  The State argues that appellant did not
properly object to the trial court=s refusal
to charge the jury on the lesser-included offense, and, therefore, has waived
this issue.  In the alternative, the
State argues that even if no objection were necessary, the trial court did not
err in failing to include sua sponte a lesser-included offense of attempted
theft because the evidence did not raise that lesser-included offense.  








We
conclude that appellant did not waive this issue by failing to object.  However, we also conclude that the State=s
alternative argument is correct.  In
Texas, a jury charge error is analyzed according to whether the objection to
the alleged error was asserted at trial. 
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).  If the error in the charge was the subject of
a timely objection in the trial court, then reversal is required if the error
is Acalculated
to injure the rights of defendant,@ which
means no more than that there must be some harm to the accused from the error.  Id.  In other words, an error which has been
properly preserved by objection will call for reversal as long as the error is
not harmless.  Id.  On the other hand, if no proper objection was
made at trial and the accused must claim that the error was Afundamental,@ he will
obtain a reversal only if the error is so egregious and created such harm that
he Ahas not
had a fair and impartial trial@Cin short,
Aegregious
harm.@ Id.;
see also Tex. Code. Crim. Proc. Ann.
art. 36.19 (Vernon 1981).

Therefore,
our first inquiry must be whether appellant=s
complaint on appeal was asserted at trial. 
At the charge conference, appellant=s counsel
requested the lesser-included offense of criminal trespass, which the trial
court included; appellant=s counsel
did not make any mention of an instruction on attempted theft.  Thus, we conclude that appellant did not
properly object to the charge on this basis. 
In reviewing a claim of error not asserted in the court below, we first
must determine whether charge error actually exists.  See Mann v. State, 964 S.W.2d
639, 641 (Tex. Crim. App. 1998); Almanza, 686 S.W.2d at 171.  If we find error, we then determine whether
any resulting harm requires reversal, using the Aegregious
harm@ standard
set for in Almanza.  Mann, 964
S.W.2d at 641; Duke v. State, 950 S.W.2d 424, 426 (Tex. App.CHouston
[1st Dist.] 1997, pet. ref=d).  

Appellant
claims that the trial court erred because it did not sua sponte charge the jury
on the lesser-included offense of attempted theft.  Whether a charge on a lesser-included offense
is required is determined by a two‑pronged inquiry: (1) Does the offense
constitute a lesser-included offense?, and (2) Was the lesser-included offence
raised by the evidence at trial?  Schweinle v. State, 915 S.W.2d 17, 18
(Tex. Crim. App. 1996); Rousseau v. State, 855 S.W.2d 666, 672 (Tex.
Crim. App. 1993); Royster v. State, 622 S.W.2d 442, 446B47 (Tex.
Crim. App. 1981).  In this case, the
indictment read: 








The Grand Jurors for the
County of Galveston, State aforesaid, duly organized as such at the January
term, A.D., 2004, of the District Court of said County, 56th Judicial District
of Texas, upon their oaths in said Court present that PEDRO ROGELIO ALVAREZ on
or about the 3rd day of July, A.D., 2003, and anterior to the presentment of
this indictment in the County of Galveston and State of Texas, then there
intentionally and knowingly enter a habitation, without the effective consent
of Daniel Cadriel, the owner thereof, and attempted to commit or
committed theft of property, to wit: stripping machine, owned by Daniel
Cadriel. 

 








A person
commits burglary of a habitation if, without the effective consent of the
owner, he enters a habitation and commits or attempts to commit a felony,
theft, or an assault. Tex. Pen. Code
Ann. ' 30.02(a)(3) (Vernon 2003).  A person commits a theft if he appropriates
property, without the owner=s
effective consent, with intent to deprive the owner of the property.  See id. at '
31.03.  Where theft is not properly
charged (i.e., description of value or property value) in a burglary
indictment, it is not a lesser-included offense thereof.  See Ex Parte Sewell, 606 S.W.2d
924, 924 (Tex. Crim. App. 1980) (stating that while the indictment properly
alleges as the primary offense the offense of burglary; the allegations are
insufficient to allege the offense of theft because they do not describe nor
allege the value of the stolen property); Franks v. State, 516 S.W.2d
185, 187 (Tex. Crim. App. 1974) (stating that where theft is not charged in a
burglary indictment, it is not a lesser included offense); Hardin v. State,
458 S.W.2d 822, 824 (Tex. Crim. App. 1970) (holding that where offense of theft
was not charged in indictment for burglary with intent to commit theft and
where evidence did not show value of items taken so as to reflect whether theft
committed after entry was a misdemeanor or a felony, failure to instruct on
misdemeanor theft as a lesser included offense was not error); Bugge v.
State, 2003 WL 21782635, at *4, n.3 (Tex. App.CHouston
[14th Dist.] 2003, no pet.) (assuming without deciding that theft is a lesser
included offense of burglary of a habitation because the State conceded on this
issue); Dean v. State, 938 S.W.2d 764, 770 (Tex. App.CHouston
[14th Dist.] 1997, no pet.) (holding that since only burglary was charged and
since theft by receiving is not a lesser included offense of burglary, the
first prong of the Rousseau test is not satisfied, and the trial court
properly refused to include an instruction on that offense in its charge); Steward
v. State, 830 S.W.2d 771, 774 (Tex. App.CHouston
[14th Dist.] 1992, no pet.) (holding that misdemeanor theft was not lesser
included offense of burglary of habitation where indictment read as follows . . .Aintentionally
and knowingly enter a habitation...and therein attempted to commit and
committed theft,@ so
inclusion of misdemeanor theft offense in instructions to jury was fundamental
error resulting in egregious harm to defendant that rendered conviction for
misdemeanor theft void).  

In this
case, however, theft and attempted theft are charged in the indictment with a
description of the property.  Without
deciding whether theft is always a lesser- included offense of burglary of a
habitation, we conclude that in this case it is because it was properly charged
in the indictment.  Thus, the first prong
of Rousseau is satisfied. See Garcia v. State, 571 S.W.2d
896, 899 (Tex. Crim. App. [panel op.] 1978) (noting that burglary under section
30.02(a)(3) can include the commission of theft); Martinez v. State, 635
S.W.2d 629, 630 (Tex. App.CAustin
1982, pet. ref=d) (finding that theft was a
lesser included offense of burglary). 
The remaining question, therefore, is whether the second prong is
satisfied.  In order to satisfy this part
of the test, there must be some evidence that would permit a rational jury to
find that if guilty, the defendant is guilty only of the lesser-included
offense.  Schweinle, 915 S.W.2d at
18.  Anything more than a scintilla of
evidence from any source is sufficient to entitle a defendant to submission of
the issue.  Id.; Bignall v. State,
887 S.W.2d 21, 23 (Tex. Crim. App. 1994). 
Therefore, the next step in our analysis is to determine whether there
is evidence that if guilty, appellant was guilty only of the offense of
attempted theft.  See Schweinle, 915 S.W.2d at 19.  








In
determining whether the trial court erred by failing to charge the jury on the
lesser- included offense, we review all of the evidence presented at
trial.  Rousseau, 855
S.W.2d at 673; Havard v. State, 800 S.W.2d 195, 215 (Tex. Crim. App.
1989) (opinion on reh=g).  After reviewing the entire record, we hold
there is no evidence that would permit a rational jury to find that if guilty,
appellant was guilty only of attempted theft.  See Schweinle, 915 S.W.2d at 18.  The only offense supported by the evidence in
this case is that appellant is guilty of burglary of a habitation by committing
theft.  The evidence is undisputed that
appellant completed the offense of theft. 
A person commits the offense of theft if he Aunlawfully
appropriates property with the intent to deprive the owner of the property.@  Tex.
Pen. Code Ann. '
31.03(a).  Appropriate is defined as Ato
acquire or otherwise exercise control over property other than real property.@  See id. at ' 31.01
(4) (B).  The offense of theft is
complete when each element of the crime has occurred, disregarding any
subsequent transportation of the property.  Barnes v. State, 824 S.W.2d 560 (Tex.
Crim. App. 1991).  








Appellant
completed the elements of the offense of theft when he took possession of the
stolen property from the garage.  See
Freeman v. State, 707 S.W.2d 597, 605 (Tex. Crim. App. 1986) (stating that
appropriation occurs when one person unlawfully exercises control over property
belonging to another); Rider v. State, 567 S.W.2d 192, 196 (Tex. Crim.
App. 1978); Senter v. State, 411 S.W.2d 742, 744B45 (Tex.
Crim. App. 1967) (holding that the offense of theft is completed once the
defendant takes possession of the property, even if the property is not
ultimately removed from the presence or premises of the owner).  There is no evidence in the record that
appellant, if guilty, is guilty only of the lesser-included offense of
attempted theft.  Appellant did not
testify at trial and all of the witnesses at trial testified that appellant
took possession of the machine and began to walk away from the garage. In
addition, appellant himself admits in his videotaped statement, which was
introduced as evidence, that he reached into the garage and pulled the machine
out of the garage and began to walk away. 
To be entitled to a jury charge on a lesser-included offense, it is not
enough that the jury might disbelieve crucial evidence pertaining to the
greater offense.  Skinner v. State,
956 S.W.2d 532, 543 (Tex. Crim. App. 1997). 
Because the evidence does not support a lesser-included offense
instruction for attempted theft, the trial court did not err by failing to
instruct the jury on this offense.[1]  See Bignall, 887 S.W.2d
at 23; see also Bugge, 2003 WL 21782635, at *5 (holding that
evidence did not warrant instruction on lesser-included offense of theft when
victim testified that bicycle was in the garage on the day of offenses and that
she saw defendant outside garage in driveway with bicycle).  Therefore, we overrule appellant=s sole
issue, and affirm the trial court=s
judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment
rendered and Memorandum Opinion filed January 31, 2006.

Panel
consists of Justices Hudson, Frost, and Seymore.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Because we
find no error in the trial court=s
charge, it is unnecessary to proceed to the Aegregious
harm@ analysis prescribed for charge error that appellant
failed to raise in the trial court.  See
Almanza, 686 S.W.2d at 171.