# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00375-CR

### Ex parte James Michael Jeffcoat

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 13-0211-CC1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court denied James Michael Jeffcoat's application for writ of habeas corpus in which he sought relief from his conviction for possession of drug paraphernalia. Appellant contends that his conviction was void because he was convicted on a no-contest plea to an offense that was not included within the scope of the possession-of-marijuana offense he was charged with committing. He contends that the trial court erred in relying on the doctrines of laches and estoppel in denying his application. We will affirm the denial of the application.

## Standard of Review

An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). We defer almost completely to the habeas court's determination of historical facts supported by the record, especially when those factual findings rely upon an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). We use the same deference when reviewing the habeas court's

application of law to fact questions if the resolution of those determinations rests upon an evaluation of credibility and demeanor. *Id.* If the outcome of those ultimate questions turns upon an application of legal standards, we review the habeas court's determination de novo. *Id*.

## Proceedings in the trial court

On February 9, 2005, appellant was charged with the Class B misdemeanor offense of possession of less than two ounces of marijuana. *See* Tex. Health & Safety Code § 481.121(b)(1). His retained counsel negotiated a plea bargain memorialized by a written admonishment form on which he pleaded no contest to a reduced Class C misdemeanor charge of possession of drug paraphernalia. *See id.* § 481.125(a). On May 10, 2005, the trial court found appellant guilty consistent with the plea bargain and assessed a $100 fine and costs of court, which he paid. Almost eight years later, appellant filed his application for writ of habeas corpus alleging that the conviction was void. The trial court denied the application, writing that it relied on the theory of estoppel.

## Discussion

The State concedes that possession of drug paraphernalia, the offense for which appellant was convicted, is not a lesser-included offense of possession of marijuana, the offense with which he was originally charged.[1] Appellant contends that this fact renders the conviction for the

---

[1] "An offense is a lesser-included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Tex. Code Crim. Proc. art. 37.09(1); *see also Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011). Because of the nature of the items possessed, the possession of paraphernalia is, while perhaps related to, distinct from the possession of marijuana. *Compare* Tex. Health & Safety Code § 481.121(b)(1) (marijuana) *with id.* § 481.125(a) (paraphernalia).

lesser offense void because, although the information invoked the trial court's jurisdiction for possession of marijuana and lesser-included offenses, it did not invoke its jurisdiction for other offenses. The State contends that appellant's acceptance of the benefit of the plea bargain—relief from prosecution for the higher-level offense—estops him from now collaterally challenging the conviction he accepted under the plea bargain.

Subject-matter jurisdiction includes both a general grant of authority to the trial court and a charging instrument that invokes that jurisdiction over the particular case. *Trejo v. State*, 280 S.W.3d 258, 260 (Tex. Crim. App. 2009). There is no dispute that the trial court had jurisdiction over both the offense for which appellant was charged and the offense for which he was convicted.[2]

Appellant asserts that the charging instrument filed—here, an information—did not empower the trial court to convict him of the offense in the judgment. *See Ex parte Sewell*, 606 S.W.2d 924, 924 (Tex. Crim. App. 1980); *see also Houston v. State*, 556 S.W.2d 345, 347 (Tex. Crim. App. 1977). In *Sewell*, a man was indicted for burglary, but convicted after a trial of theft even though the indictment did not allege theft. 606 S.W.2d at 924. The Court of Criminal

---

[2] The County Court at Law No. 2 of Williamson County had subject-matter jurisdiction over the type of offense for which appellant was charged and for which he was convicted. Possession of the amount of marijuana he was charged with possessing is a Class B misdemeanor. Tex. Health & Safety Code § 481.121(b)(1). The trial court has jurisdiction over such offenses. *See* Tex. Code Crim. Proc. art. 4.07 (jurisdiction of constitutional county courts); Tex. Gov't Code §§ 25.003 (county courts at law generally), 25.2482(a) (Williamson County courts at law). Possession of drug paraphernalia is a Class C misdemeanor with a maximum fine of $500. Tex. Health & Safety Code § 481.125(a), (d); Tex. Penal Code § 12.23. Justice courts have original jurisdiction over misdemeanor cases punishable by fine only, and Williamson County courts at law have concurrent jurisdiction with justice courts in all criminal matters prescribed by law for justice courts. *See* Tex. Const. art. V, § 19 (justice courts), Tex. Gov't Code § 27.031 (county courts at law generally); *see also* Tex. Gov't Code § 25.2482(b) (Williamson County courts at law).

3

Appeals found that, where theft is not charged in a burglary indictment, it is not a lesser-included offense of burglary, and that the conviction for theft on such a burglary indictment was void. *Id*. at 924-25. In *Houston*, a man was indicted for burglary with intent to rape, but was convicted of rape. 556 S.W.2d at 346. While the appeal was pending, the State persuaded the trial court to dismiss the case, and a grand jury then indicted appellant for rape for the same incident. *Id.* When the man sought to dismiss the rape indictment for double jeopardy based on the dismissed case, the trial court denied the motion and proceeded to trial at which the man was convicted of rape. *Id.* The Court of Criminal Appeals affirmed the conviction, concluding that the lack of an indictment alleging rape in the first proceeding deprived the trial court of jurisdiction to convict appellant of rape, rendering that conviction a nullity that did not present a jeopardy bar to the subsequent conviction. *Id.* at 347. Appellant contends that, similarly, he was before the trial court on an information alleging that he possessed marijuana—not drug paraphernalia—and that like the first conviction in *Houston*, his conviction for possession of drug paraphernalia was a nullity and must be set aside.

Courts have held, however, that where defendants request a jury charge or plea bargain regarding an offense not included within the indicted offense, they cannot challenge errors that they introduce or benefit from. *Woodard v. State*, 322 S.W.3d 648, 659 (Tex. Crim. App. 2010) (jury charge); *Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007) (plea bargain). In *Woodard*, a defendant indicted for murder requested an additional jury instruction on conspiracy to commit aggravated robbery—an offense not included within the murder charge. *Woodard*, 322 S.W.3d at 653. The Court of Criminal Appeals held that, where the defendant participates in

4

the preparation of the charge including the instruction on the unindicted offense, the defendant "may not be heard to complain for the first time on appeal that the trial court erred to instruct the jury on the unindicted conspiracy to commit aggravated robbery offense." *Id.* at 659. In *Rhodes*, the court considered an enhancement allegation based on the validity of a predicate conviction on an offense for which the defendant had not been indicted. 240 S.W.3d at 884. While Rhodes was incarcerated for burglary and sexual-assault convictions years before the case at issue, he was convicted of theft and escape while pending trial on the theft charge. *Id.* The trial court ordered his sentences for the theft and escape convictions to run concurrently with each other—possibly pursuant to a plea bargain, although the record presented in the subsequent case was inconclusive. *Id.* The State later alleged the escape conviction as a ground for enhancing his punishment for subsequent convictions. *Id.* Rhodes moved to quash the escape-based enhancement allegation on grounds that it was a void sentence because it was legally required to run consecutively to the sentences he was serving at that time. *Id.* The Court of Criminal Appeals articulated alternative theories explaining that Rhodes could not complain about the failure of the previous sentence to run consecutively regardless of whether the concurrent sentencing had been due to a plea bargain.[3] When assuming that the concurrent sentence for the escape charge was imposed pursuant to a plea bargain, the court wrote:

---

[3] The court held that, if the sentence was not due to a plea bargain, then the judgment was voidable—not void—and Rhodes could have gotten the judgment reformed in a direct appeal or in a nunc pro tunc order. *See Rhodes v. State*, 240 S.W.3d 882, 888 (Tex. Crim. App. 2007). Appellant contends that this lack-of-voidness basis for decision renders *Rhodes* inapplicable, but the court plainly presented alternative reasons for its decision because of the lack of clarity regarding whether the predicate sentence was due to a plea bargain. *Id.* at 887. The Court of Criminal Appeals expressly refused to decide whether a plea bargain was involved and whether the judgment was void, voidable, or neither because appellant was not entitled to relief under any of the scenarios presented. *Id.* at 887-91.

5

A defendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later date on the basis of the illegal leniency. Here, appellant received a judgment that was illegally lenient by having his sentence run concurrently instead of consecutively. Had he complained about the illegal leniency at the time of trial, or even on direct appeal, the State could likely have obtained a legal judgment that would now be available for enhancement purposes. But instead, appellant quietly enjoyed the benefits of the illegally lenient judgment, challenging it now only because, due to his own subsequent criminal conduct, the judgment can be used to enhance his punishment for a new offense. If he agreed to the concurrent sentencing provision, then through his own conduct he helped procure and benefit from the illegality and he should not now be allowed to complain.

*Id.* at 891-92. The court held that the only exception to this estoppel arising from a defendant's acceptance of the benefits of a plea bargain would be a challenge to the subject-matter jurisdiction of the court. *Id.* at 891.

Appellant contends that *Woodard* and *Rhodes* are procedurally distinct and do not control here. He asserts that, while *Rhodes* concerned only the possibly improper enhancement of a sentence on a proper conviction, in this case the absence of a charging instrument alleging possession of paraphernalia rendered the entire judgment void. Appellant contends that *Woodard* is inapplicable because that decision turned on unobjected-to jury-charge error rather than a void judgment. *See* 322 S.W.3d at 659-60. He argues that the court used the term "estoppel" to describe what was actually invited error and that these theories are inapposite to his claim here that the judgment was void.

We are not persuaded that the judgment was void on the record presented. We are required to indulge every presumption in favor of the regularity of the proceedings and documents in the lower court absent impropriety evident in the record. *Light v. State*, 15 S.W.3d

6

104, 107 (Tex. Crim. App. 2000); *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). The charging information mentioned only that appellant possessed "a useable quantity of marijuana of less than two ounces." The judgment, however, recited that appellant "pleaded [no contest] to the offense POSSESSION OF MARIJUANA **REDUCED TO POSSESSION OF DRUG PARAPHERNALIA** committed on 01/29/05 **as charged by the complaint or information herein . . . ."** (Bold emphases added.) This language in the judgment differs from the language in the information in the habeas record and that difference indicates that there was a new or amended information that is not in the record before us.[4] The judgment stated further that the trial court accepted appellant's plea and found him guilty "as charged," indicating that appellant was charged with possession of paraphernalia. In the admonitions filed along with the judgment, the appellant waived the reading of the indictment or information. He also signed beneath this statement: "I JUDICIALLY CONFESS to committing the offense of POSSESSION OF MARIJUANA **REDUCED TO POSSESSION OF DRUG PARAPHERNALIA as charged within the indictment or information** or as a lesser included offense to the offense charged in the indictment or information." (Bold emphasis added.) The "reduced to" language in the admonishment and judgment is consistent with the classification of the offenses (Class B and Class C misdemeanors) and does not necessarily indicate that the prosecutor considered one a lesser-included offense of the other. Given appellant's judicial confession in the judgment, which acknowledged that possession of paraphernalia was "charged within the indictment or information," and based on the presumption

---

[4] Assistant County Attorney Michael Cox asserts in his affidavit that he does not recall whether the State and/or appellant requested the change in the charge or whether an amended or superseding information was prepared.

of regularity and without any contrary evidence,[5] we must presume that the State prepared an information alleging that appellant committed the offense to which he pled and of which he was convicted.

Even if the presumption of regularity is not applicable, we conclude that appellant is estopped from presenting this claim on appeal. The *Rhodes* court wrote that, if appellant obtained a too-lenient sentence in the predicate offense through a plea bargain, he was estopped from collaterally attacking that sentence. 240 S.W.3d at 891-92. His participation in the plea bargain that resulted in his conviction for possession of drug paraphernalia is analogous to participating in the drafting of a jury charge containing an unindicted offense not included within the indicted offense. *Cf. Woodard*, 322 S.W.3d at 659-60. Further, agreeing in a plea bargain to a conviction on an unindicted offense is in some respects a greater level of participation in the conviction than agreeing to its submission in a jury charge, because the plea bargainer is accepting conviction on the new offense whereas the person agreeing to a jury charge is merely consenting to the possibility that he could be convicted of the new offense.[6] The plea bargainer is more certain of enjoying the benefits of the reduced punishment range he has bargained for and should not be permitted later to assert that the trial court acted improperly in giving him what he agreed to take, so long as the court has subject-

---

[5] There is no reporter's record of the underlying plea proceeding because, according to a document in the clerk's record of the habeas proceeding, appellant waived his right to have a court reporter at the plea.

[6] The plea bargainer who agrees to being convicted on the new offense is in a much different posture from a defendant who is tried without his consent on unindicted offenses and convicted on those new charges, and therefore cases vacating convictions after such trials do not control this case. *See Ex parte Sewell*, 606 S.W.2d 924, 924 (Tex. Crim. App. 1980); *see also Houston v. State*, 556 S.W.2d 345, 346 (Tex. Crim. App. 1977).

matter jurisdiction to consider the crime alleged. *See Rhodes*, 240 S.W.3d at 891-92. The trial court did not err by concluding that appellant's participation in the plea bargain estopped him from complaining about his conviction for a lesser crime based on that plea bargain.

We affirm the judgment of the trial court denying relief on this habeas application.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: August 13, 2014

Do Not Publish