

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-16-00350-CR

———————————————

MICHAEL TAYLOR PHILLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 70,448-E; Honorable Douglas R. Woodburn, Presiding

July 14, 2017

## ORDER FOR ADDITIONAL BRIEFING

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Michael Taylor Philley, was charged by indictment with the offense commonly known as "felony-murder."[1] The indictment alleged Appellant "did then and

---

[1] TEX. PENAL CODE ANN. § 19.02(b)(3) (West 2011). Pursuant to this section, a person commits the offense of murder if he commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual. An offense under this section is a first degree felony. *Id.* at § 19.02(c).

there, while in the course of knowingly committing a felony, namely AGGRAVATED ASSAULT CAUSING SERIOUS BODILY INJURY, did then and there intentionally or knowingly commit an act clearly dangerous to human life, namely striking [the victim] with [Appellant's] foot, [Appellant's] hand, [Appellant's] elbow, a rifle, or a combination thereof, causing the death of [the victim] . . . ." In a separate paragraph, the indictment included a "Deadly Weapon Notice."

In October 2015, pursuant to a plea bargain, Appellant plead guilty to the "lesser included offense" of aggravated assault. An aggravated assault may be committed in two different ways: (1) the actor could commit an assault that causes serious bodily injury to another, including the person's spouse, TEX. PENAL CODE ANN. § 22.02(a)(1) (West 2011); or (2) the actor could commit an assault while using or exhibiting a deadly weapon during the commission of that assault. *Id.* at § 22.02(a)(2). Because Appellant's plea agreement fell under section 22.02(a)(2), rather than section 22.02(a)(1), it appears that the offense may not have been a lesser-included offense to the offense of murder as alleged in the indictment because the essential elements of an aggravated assault by the use or exhibition of a deadly weapon would not have been established by proof of the same or less than all the facts required to establish the commission of the offense of murder as charged. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006). Generally, a conviction based on an offense that is not the offense charged or a lesser-included offense is void. *See Ex parte Sewell,* 606 S.W.2d 924, 925 (Tex. Crim. App. 1980) (concluding that conviction for theft was void because the offense was not a lesser-included offense of the offense charged in the indictment).

2

In the interest of justice, and out of an abundance of fairness to all parties, the court hereby assigns that issue as potential error and directs both parties to file additional briefing.  Appellant is granted thirty days from the date of this order to file a supplemental brief and the State is granted thirty days from the date Appellant's supplemental brief is filed to file a reply brief.  If either side believes oral argument would assist this court, a request for oral argument may accompany the supplemental brief or reply.

Per Curiam

Do not publish.